BENJAMIN DENSMORE and another *vs.* HENRY L. SHEPARD and another, impleaded, etc.

April 8, 1891.

Appeal—Review of Refusal to Dismiss at Trial.—Where no part of the testimony offered or received upon the trial is presented in the bill of exceptions, this court cannot review a ruling below, denying a motion to dismiss, upon the ground that plaintiffs had failed to establish a right to recover, made when they rested their case.

Misjoinder of Causes of Action or Defect of Parties — Objection, when Waived.—If several causes of action are improperly united, or if there be a defect of parties plaintiff or defendant, the objection to the

complaint is deemed to have been waived by the defendants, unless taken by demurrer or answer. The objection cannot be raised by a motion to dismiss, made as above stated.

**Action to Charge Stockholders — Defect of Parties Waived, though Proof Given of Other Stockholders not Joined.**—One ground for dismissal stated in the motion was that the action could not be maintained by plaintiffs, in that they sought to charge stockholders of a corporation for the amount of stock held or owned by them, without joining all of the corporation creditors as plaintiffs and all of the stockholders as defendants; testimony having been offered to show that there were stockholders not joined. *Held,* that this simply called attention to an alleged defect of parties. It did not suggest that an issue was being tried which was not made by or within the pleadings, or that the plaintiffs had no right to recover of the defendant stockholders by virtue of the constitutional provision, (article 10, § 3,) to the amount of stock held or owned by each in a corporation organized for the purpose of carrying on other than a manufacturing or mechanical business.

**Corporation held to be not Exclusively for Manufacturing.**—Articles of incorporation construed. *Held,* that the defendant corporation was not organized exclusively for the purpose of carrying on a manufacturing business, and such as is properly incidental to or connected with a manufacturing business.

ON MOTION FOR REARGUMENT.

### April 23, 1891.

**Grounds for Reargument.**—What showing must be made to sustain an application for reargument. [REP.

Appeal by defendants Henry L. Shepard and George Giddings (impleaded with the Red Wing Lime & Stone Company and others) from an order of the district court for Goodhue county, *Crosby,* J., presiding, refusing a new trial.

*James D. Shearer,* for appellants.

*J. C. McClure,* for respondents.

COLLINS, J.[1] This was an action brought by creditors against a corporation, their judgment debtor, these two appellants, who were stockholders, and other persons, also stockholders in the corporation.

[1] Vanderburgh, J., took no part in this case. Mitchell, J., being absent when the decision was made and filed, did not participate therein.

The appeal is from an order denying a new trial, the motion therefor having been made upon the minutes of the court. No case containing the testimony was made, nor does the bill of exceptions present any part of the same. The record which we are asked to consider consists of the pleadings, a motion made when the plaintiffs rested their case to dismiss the same on three grounds, stated in substance as follows: *First*, that plaintiffs had failed to show any personal liability against the appellant defendants; *second*, that the action could not be maintained, because it sought to charge stockholders for the amount of stock held or owned by them, without joining all of the corporation creditors as plaintiffs and all of the stockholders as defendants, testimony having been offered to show that there were stockholders not joined; and, *third*, that two causes of action,—one at law, the other in equity,—were improperly united in one complaint to enforce the personal liability of stockholders, which motion was denied by the court. It also appears from the record that when the motion was denied the trial proceeded, resulting in the findings before mentioned, judgment being ordered against the corporation, the appellants, and another stockholder, who had been duly served with the summons, but had made no defence.

The first ground for dismissal stated in the motion raised a question to be determined exclusively by the testimony as it then stood. In the absence of this testimony, we are unable to review the ruling.

In respect to the third ground for dismissal,—that two causes of action were improperly united in one complaint,—the court ruled correctly, because the objection had not been made by either answer or demurrer. It had been waived. Gen. St. 1878, c. 66, § 95. With these brief remarks with reference to the first and third grounds for dismissal urged by appellants in the court below, we come to a consideration of the second.

The complaint alleged the defendant corporation to have been organized under the laws of this state, and the general nature of its business to have been "the manufacture and sale of lime, quarrying stone for making lime and for building and other purposes, digging and selling sand, together with the buying and selling of lime, hair, sand, cement, and like articles and other building materials, and the doing .

_of all things necessary to carry on said business." The defendants averred in their answers that the Red Wing Lime & Stone Company was a manufacturing corporation, and among the findings of fact is one that the nature of the business of said corporation was stated and specified in its articles of incorporation exactly in the words which we have quoted from the complaint. In this connection it was also found as a fact that the corporation only engaged in the business of manufacturing and selling lime, although intending to engage in all business mentioned in its articles, had the enterprise proved a success. There was a finding also that each of the appellants had paid in full for his shares of stock when purchasing the same. With these findings of fact, presumably justified by the testimony, coupled with an order for judgment against all of the defendants who had been served with the summons, it is obvious that, whether within the contemplation of the parties when drawing their pleadings, or within the issues presented thereby, the parties introduced testimony bearing upon the question of appellants' constitutional liability as stockholders in the defendant corporation, and that they tried the question precisely as if no other issue had been made. Upon the testimony as to the general nature of the business for which the corporation was organized as the same was stated in its written articles, and also upon that introduced for the purpose of showing the character of the business it actually transacted, the court found that the defendant corporation was not organized for the sole purpose of carrying on a manufacturing business, and such as is properly incidental to or necessarily connected with a manufacturing business. This being an issue made by the litigants upon the trial, so far as we know without objection by either, the conclusion of law declaring the appellants liable, — the amount of stock held and owned by each being much greater than the amount of plaintiffs' demand,—naturally followed the finding of fact. The court determined the question upon both law and fact, and there is nothing in the record from which it appears that, pending the trial, appellants attempted to prevent the introduction of testimony bearing upon it, or objected to its being passed upon by the court, or even that a determination of the question was not at their express solicitation, un-

less such objection. or protest can be extracted from the language used in the motion to dismiss. If the appellants chose to treat the matter of double liability as within the pleadings,—upon the theory that the corporation was organized as, and was in fact, a manufacturing corporation exclusively, or upon some other theory,—it is now too late for them to urge to the contrary. A settled case or a bill of exceptions, containing all of the testimony upon this point, would have disclosed the real facts; the present record does nothing of the kind. However, as we understand the appellants' counsel, he assumes that the point was raised below by means of the second ground set out in his motion to dismiss, which, briefly stated, was that the action could not be maintained by plaintiffs, (seeking, as it did, to charge stockholders for the amount of stock held or owned by them,) because there was a defect of parties plaintiff as well as defendant, testimony having been offered to show that there were stockholders not joined. If the objection that there was a defect of parties appeared upon the face of the complaint,—and from the wording of the motion it would seem that the counsel for appellants so contended,—it should have been taken by demurrer; and, as before stated with reference to the third ground of the motion, if the objection be not taken by demurrer or by answer, it is deemed to have been waived. Section 95, *supra.* This general rule has been held applicable in actions brought under Gen. St. 1878, c. 76. *Arthur* v. *Willius,* 44 Minn. 409, (46 N. W. Rep. 851,) and cases cited. In the manner in which that part of the motion relative to the second ground for dismissal was worded, it did no more than to call attention to an alleged defect of parties. It did not suggest that the pleadings were insufficient, or that an issue not made thereby was being tried against appellants' will, or that a recovery, such as was ultimately ordered, could not be had in the action. In fact, the suggestion was that plaintiffs could recover, precisely as they did, provided they had included, or should bring in, all of the stockholders as defendants. The court did not err when refusing to dismiss upon the second ground stated in the motion.

It is not improbable, we presume, that the counsel has relied upon the fact that in his motion there was an assertion by way of

a recital that testimony had been offered tending to show that other stockholders of defendant corporation had not been joined in the action. If the fact was of any materiality whatever in the case as it stood when appellants moved to dismiss, a reference thereto in the moving papers was of no consequence, for its value, as affecting the ruling to be made, depended not upon a recital in the motion that such testimony had been offered, but upon the fact that testimony of that import had been received upon the trial, or had been tendered and improperly excluded. When passing upon the motion there was no ruling whatsoever in respect to the testimony; for, if it had been offered by the plaintiffs, objected to, and kept out of the case by appellants, or if it had been proposed by the latter, and properly excluded upon plaintiffs' objection, as it might have been for a number of reasons, the fact of the offer could have no weight, nor should it have been considered in a determination of the motion. Whether testimony of the character ascribed to it was actually offered, as well as its fate, if offered, whether proposed by the plaintiffs or defendants, or from whom, if from either, an objection came to its reception, are matters of which we are unadvised.

In many respects this appeal is similar to that disposed of in *Arthur* v. *Willius, supra.* As was the fact there, the main points relied upon by the appellants were: *First,* that, if it existed, the constitutional double liability of the stockholders in defendant corporation was not enforceable in the present action; and, *second,* that no such liability existed, because the corporation was a manufacturing corporation exclusively. We have heretofore disposed of the first contention, and will now consider the second. The claim on this branch of the case is that, according to the articles of incorporation, —the exact language having been heretofore given,—the defendant company was organized exclusively for the purpose of carrying on a manufacturing business, and such as is properly incidental to or connected with a manufacturing business. Again, if this position be untenable, that, as the corporation never engaged in any business save that of manufacturing and selling the articles manufactured, the stockholders incurred no personal liability upon which they can

be held in this action. Assuming, as we do, that section 3, art. 10, of the state constitution is self-executing, we only need to examine that part of the articles wherein is stated the general nature of the business to be transacted by the corporation, to discover that it was organized for the purpose of carrying on a mercantile business in addition to that of manufacturing, and in no manner incidental to or connected with the latter. It was not only empowered to manufacture lime, to quarry stone for lime and other purposes, and to dig sand, but also to buy and sell lime, sand, hair, cement, and other building materials. It was authorized to manufacture a single article used in building. It could have dealt in every variety of building materials. It could have bought and sold lumber, brick, hardware, and a score of other articles, classified among builders' materials. Keeping strictly within the articles, the corporation could have transacted a large business annually without manufacturing any of its wares. All that was said in the *Arthur Case* upon this same point in respect to the articles of incorporation therein involved, and also what was there said in reference to appellants' claim that there was no liability because, although organized to carry on business other than manufacturing, the corporation had never engaged in other business, is very pertinent and applicable here.

Order affirmed.

---

A motion by appellants for a reargument was denied April 23, 1891, the following opinion being filed:

*By the Court.* The appellants herein have moved for a reargument of the case. The application on which the motion is based is simply a reargument of the several questions heretofore discussed and passed upon. In view of the fact that very many applications of this nature have recently been made, in which counsel have reargued their cases and have done nothing more, we deem it advisable to reiterate the rule established by this court many years ago,— *Derby* v. *Gallup*, 5 Minn. 85, (119,)—by which applications of this import must be governed. It was there said: "The applicant must be able to show some manifest error of fact into which counsel or

the court have fallen in the argument or decision of the case; as, for example, that a provision of statute decisive of the case has, by mistake, been entirely overlooked by counsel and the court; or, perhaps, that a case has been decided upon a point not raised at all upon the argument, and there be strong reason to believe that the court has erred in its decision; or unless in a case where great public interests are involved, and the case has either not been fully argued, or strong additional reasons may be urged to show that the court has erred in its ruling. But where a question of law has once been fully discussed on the argument and considered by the court, we cannot admit that a party is entitled to a reargument on the ground that there is manifest error in the decision." The court has always adhered to this rule, and will be guided by it in the future.

Motion denied.