FIRST NATIONAL BANK OF WINONA *et al.* *vs.* WINONA PLOW Co. *et al.*

Argued June 25, 1894.   Affirmed July 11, 1894.

Nos. 8876, 8878.

**Articles of incorporation construed.**

> The articles of incorporation of the defendant corporation construed, and *held* it was not organized for the purpose of carrying on an exclusively manufacturing business, and its stockholders are liable for its debts to the amount of their stock.

**Stockholders' liability, Extent of.**

> *Held*, further, the court cannot by construction limit this liability by holding that each stockholder is liable only ratably, when some of the stockholders are insolvent, or beyond the jurisdiction of the court.

**New stockholders are liable for old debts.**

> *Held*, further, all those who are stockholders at the time the action is commenced are liable, although some of them were not stockholders at the time the corporate liability was incurred.

Appeal by Ozro B. Gould, one of the defendants, from a judgment of the District Court of Winona County, *Charles M. Start*, J., entered January 23, 1894, against him upon his liability as a stockholder in the Winona Plow Company.   Appeal also by Nicholas C. A. Munck, another stockholder from the same judgment.

The Winona Plow Company was incorporated in 1882 under 1878 G. S., ch. 34, title 2, to manufacture, purchase and repair plows, cultivators and other agricultural implements at Winona and to sell the same.   Its capital stock was $100,000 divided into 2,000 shares

of $50 each, and was all taken and paid for.    Defendant Gould sub-
scribed and paid for eighty shares, and received and thereafter held
that number.    The plaintiff, the First National Bank of Winona,
loaned money to the Plow Company, and on July 23, 1892, when this
action was commenced, held its notes for $18,058.49 and interest.
The Plow Company was also then indebted to Verazeno Simpson in
the sum of $11,401.85, and to other creditors $2,226.03.    The com-
pany was then insolvent.    The value of its property did not exceed
$10,000, and it had ceased to carry on business.

     This action was commenced under 1878 G. S. ch. 76, § 17 *et seq.*,
against the Plow Company and all its stockholders and against all
who had held stock within six years and since plaintiff's claim or any
part thereof was first contracted.    The complaint alleged the facts
stated above and set forth the dates on which the existing debts of
the Plow Company to the Bank were contracted, the names of the
stockholders, the amount of stock held by each, the date when each
acquired his stock and from whom, and, if transferred, then to whom
and the date thereof.    The insolvency of some and the nonresidence
of others of the stockholders were also stated.    It asked judgment
for the amount of its claim, that an account be taken of the assets
and liabilities of the Plow Company, that a receiver be appointed
and the property converted into money, that the liability of its sev-
eral stockholders and of those who had held stock be ascertained and
enforced, that a just distribution be made of the proceeds realized,
and for such further relief as should seem equitable.    Many of
the defendants demurred, but were overruled, and they answered.
Verazeno Simpson and six other creditors intervened under 1878
G. S. ch. 76, § 23.    Each intervenor, by his complaint, severally stated
his claim against the Plow Company, the date when it was contract-
ed, and that he held no security.    Each alleged that all the allega-
tions in the complaint of the Bank were true, and asked that they be
deemed repeated by him and made a part of his intervening com-
plaint, except those as to the amount of the Bank's claim.    Each de-
manded the benefit of any judgment obtained in the action and his
proper share of whatever might be recovered under such judgment,
and asked that judgment be given as prayed in the complaint of the
Bank, and that he might be given such other and further relief as to
the court should seem proper.    Answers were filed and the issues

were tried December 19, 1892. The trial court made findings and ordered judgment as follows: That the plaintiff, the First National Bank, recover from the defendant, the Winona Plow Company, $18,148.49 with interest from June 12, 1891. That the intervenor, Verazeno Simpson, recover from the said company $11,401.85 with interest from February 18, 1892. That the six other intervenors, naming them, each recover a specific sum named. That O. B. Gould be appointed receiver of all the property of the Plow Company. That he give bond, and that the Plow Company turn over to him all its property of every kind, and on his request execute to him all proper transfers, deeds and conveyances. That the entry of judgment herein vest in said receiver the title to all the said property without any other act or ceremony. That said Plow Company be enjoined from in any manner selling or disposing of its property or interfering therewith except to preserve it for such receiver. That such receiver proceed with all reasonable speed to sell and convert all its property into money, and out of the proceeds thereof pay the necessary expenses of such receivership, including his own fees, and pay and distribute the net balance thereof pro rata to the plaintiff and intervenors herein, to be applied by them respectively to the payment of their several judgments to be entered herein against said Plow Company. That after making said payments such receiver make and file with the court a full detailed report of his doings, receipts, disbursements and payments as such receiver, with a statement of the amount then due on the said several judgments if anything. That the stockholders of said defendant corporation, the Winona Plow Company, are severally and individually liable to its creditors for its debts and liabilities to an amount not exceeding the par value of the stock held by each of them respectively at the time said debts were contracted. That this liability cannot be discharged as against existing creditors by a transfer of the stock, but the successive holders or transferees by accepting the stock impliedly undertake to indemnify their vendors and discharge for them all liabilities attaching to the stock; therefore to avoid circuity of action the stockholders of said Plow Company who were such at the commencement of this action, are to be primarily charged with the debts of said corporation; and their transferors who were stockholders when said debts were contracted are to be charged with such liability also, but only

upon condition that the amount thereof cannot be collected from their transferees.    That if, upon the coming in of the report of said receiver, it shall appear to the court that the judgments in favor of plaintiff and intervenors herein are unpaid, in whole or in part, judgments be severally entered herein against all of the then solvent stockholders of said Plow Company of whom or of whose property the court then has jurisdiction named in a schedule annexed, for the amount then unpaid on said judgments not exceeding the par value of the stock of said corporation held by each at the commencement of this action.    That at the same time judgments be severally entered herein against all of the then solvent stockholders, of whom or of whose property the court then has jurisdiction, named as "transferors" in a schedule annexed, for the amount then due on said judgments not exceeding the amount of the par value of the stock of said corporation by them held at the time said debts were contracted, but none of the stockholders are to be liable upon the stock transferred in any event for any debts contracted by said corporation subsequent to such transfer of their stock, and such judgments are to be enforced against this class of stockholders only in case of a failure to collect the same from their transferees.    That said judgments against stockholders be enforced by execution, but in the first instance executions issue for no greater amount than the *pro rata* share of each of said stockholder's liability for the deficiency on said judgments; such *pro rata* share to be ascertained and fixed by the court on motion, upon the ratio of the aggregate par value of the stock held by the then solvent stockholders, of whom or of whose property the court then has jurisdiction, to the total amount of said deficiency.    That if, for any reason, the full amount of such deficiency is not realized on such executions, *alias* executions be issued on the judgments against stockholders for the pro rata share of each stockholder's liability for the then deficiency, to be ascertained and fixed by the court on motion, on the ratio and basis aforesaid.    That *alias* executions be issued in the same manner from time to time until the judgments of the plaintiff and intervenors are paid with interest in full; provided, that no stockholder shall in any contingency be held liable or required to pay upon said judgments an amount exceeding the par value of the stock held or transferred by him.    That in case any party to this action, named in the schedule as "trans-

feror" shall be compelled to discharge the liability of his transferee, he shall be entitled, on motion, to the judgment against such transferee to the amount so paid by him.    That in case any party to this action shall be compelled to pay more upon the said judgments to the plaintiff and intervenors than his *pro rata* share would have been if all of the stockholders who are parties to this action were solvent by reason of the insolvency of any of such stockholders, he shall be entitled to judgments severally in this action on motion against each of said insolvent stockholders for the excess he was so compelled to pay.    That the court retain jurisdiction of this case and of all the parties thereto until the final adjustment and settlement of all the rights and liabilities of the said respective parties in accordance with these conclusions, and that any and all applications and motions for such further and subsequent orders, decrees and judgments in this case as shall be necessary, convenient or proper to carry into effect the original judgment to be entered herein, may be brought on for hearing, and be heard on eight days' notice at any time either at term or in vacation.

Judgment was entered on these findings against each of the stockholders and those who had held stock when the debts were contracted or at any subsequent date, but within six years, for the full face value of their stock, and elaborate tables were made and attached showing the relative highest possible liability of each of the fifty-seven stockholders to the plaintiff and to each of the seven intervenors, but providing that executions issue only on the order of the court in conformity to equity.    From this judgment the two stockholders, Ozro B. Gould and Nicholas C. A. Munch, severally and separately appealed to this court.

*Wm. Gale, H. M. Lamberton,* and *O. B. Gould,* for appellants.

*Wilson & Bowers* and *M. B. Webber,* for respondents.

CANTY, J.    This is an action brought under 1878 G. S. ch. 76, by plaintiff in behalf of itself and all other creditors, to sequester the property and effects of the defendant the Winona Plow Company, and apply the same to the payment of its debts, and also to enforce the constitutional liability of its stockholders for the purpose of paying any balance of indebtedness existing after exhausting such corporate assets.    After all the corporate assets were thus applied,

final judgment was entered against the appellants N. C. A. Munck and O. B. Gould and others, stockholders in the defendant corporation, for such balance of indebtedness.

1. The principal point urged by appellants is that the stockholders of the defendant corporation are not liable, because it is exclusively a manufacturing corporation. It was organized under 1878 G. S. ch. 34, title 2, and the purposes for which it was incorporated are expressed in its articles of incorporation as follows: "The general nature of its business shall be the manufacture, *purchase*, repair, and sale of plows, cultivators, and other farming and agricultural implements of all kinds, the purchase and sale of all materials necessary or convenient in the prosecution of said business, and to take, own, hold, mortgage, lease, and convey any and all real estate necessary or useful therein."

One of the findings of fact made by the court below on the trial is as follows: "That in fact the actual business carried on by said plow company at all times since its organization, and intended by its incorporators to be carried on by it, was exclusively that of manufacturing plows and other agricultural implements, and the disposing of the product of its manufacture, except that for a limited time it handled and sold on commission goods manufactured by other persons and corporations, in connection with, and for the purpose of reducing the expenses of, selling and handling its own product."

We are of the opinion that by its articles of incorporation this defendant is both a manufacturing and a mercantile corporation. Such articles of incorporation provide for the "purchase" and "sale of plows, cultivators, and other farming and agricultural implements of all kinds," as well as for the "manufacture," "repair," and sale of those articles. In this respect the case is quite similar to that of *Densmore* v. *Shepard*, 46 Minn. 54, (48 N. W. 528, 681.) See, also, *Arthur* v. *Willius*, 44 Minn. 409, (46 N. W. 851;) *Mohr* v. *Minnesota Elevator Co.*, 40 Minn. 343, (41 N. W. 1074.) The fact that the stockholders, as found by the court, did not intend to carry on anything but an exclusively manufacturing business, and that the corporation never did carry on any other business except such commission business, can make no difference. "And if the corporation is organized for the purpose, as declared in the articles of association, of carrying on both a manufacturing business, and also some other kind of business

not properly incidental to or necessarily connected with a manufacturing business, the mere fact that the corporation never exercised all of its powers, and never in fact engaged in or carried on anything but a manufacturing business, will not bring it within the constitutional exception." *Arthur* v. *Willius,* 44 Minn. 415, (46 N. W. 851.)

2. Neither the constitution nor the statute provides that the stockholder's liability shall be only ratably to the amount of his stock, but "he shall be liable to the amount of stock held or owned by him." This is the limitation on his liability, and the court cannot add by construction the additional limitation that he is liable only "ratably" when some of the stockholders are insolvent, or beyond the jurisdiction of the court.

3. The fact that one of the appellants purchased his stock, or a part of it, after a part of the corporate indebtedness here in suit had been incurred, is no defense. All those who are stockholders at the time the action is commenced are liable. *Gebhard* v. *Eastman,* 7 Minn. 56 (Gil. 40).

These are the only points made by appellants worthy of consideration, and the judgment appealed from should be affirmed.

So ordered.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 997.)