JOHN C. OSWALD and Others v. ST. PAUL GLOBE PUBLISHING COMPANY and Others.[1]

January 18, 1895.

No. 9023.

**Corporation for Publishing Newspapers—Liability of Stockholders.**

The nature of the business of the defendant corporation, as expressed in its articles of incorporation, is, among other things, the publishing of a daily and weekly newspaper. *Held*, it is not an exclusively manufacturing corporation, and its stockholders are not exempt from liability to its creditors on their paid-up stock.

**Same—Ultra Vires.**

*Held*, the making of the lease here in question was not ultra vires on the part of the defendant corporation.

**Action under General Statutes, c. 76—Former Action—Receiver.**

An action to set aside a fraudulent transfer of all the corporate assets was commenced by a stockholder against the corporation and the transferee, and a receiver was appointed. *Held*, that action cannot be pleaded either in bar or abatement of an action afterwards brought under G. S. 1894, c. 76, §§ 5889–5911, by a creditor of said corporation in favor of himself and all other creditors, and against the corporation (then insolvent) and all its stockholders, and for the appointment of a receiver.

**Same—Order to Creditors under Section 5911—Collateral Attack—Practice.**

After the commencement of the latter action an order was made in the former action, under G. S. 1894, c. 76, § 5911, ordering creditors to exhibit their claims and become parties to that action. *Held*, that action was not a proper one in which to make that order, but, conceding that the order is irregular, and not void, and cannot be impeached collaterally in the latter action, still the order does not relate back to the time of the commencement of the former action in which it was made, but takes effect only from the time it was made, which was after the commencement of the latter

1 Reported in 61 N. W. 902.

action, in which jurisdiction therefor was first obtained for the purpose of that action, and, being first obtained, can be maintained, notwithstanding the change in the character of the former action.

Appeal by the publishing company, the St. Paul Trust Company (as executor of the last will of Norman W. Kittson), L. Baker, J. F. Baker, L. Baker, Jr., and Norman Kittson, defendants, from orders of the district court for Hennepin county, Pond, J., denying motions for a new trial. Affirmed.

*A. T. Ankeny, Harvey Officer,* and *Daniel Murphy,* for appellants, cited In re Kenyon & Fenton, 6 N. B. R. 238; State v. Dupre, 42 La. An. 561, 7 South. 727; Hamilton v. Mead, U. S. C. C., District of Minnesota; File 376, Dillon, J.,—to the point that printing and publishing a daily and weekly newspaper is a mechanical and manufacturing business.

*A. D. Smith* and *A. Ueland,* for respondents.

CANTY, J. On May 1, 1889, by a written lease in due form, the Daily Globe Building Company rented its premises and building in Minneapolis known as the "Globe Building" to the St. Paul Globe Publishing Company for the term of 21 years from and after that date, at a yearly rental of $15,000, payable quarterly, which the publishing company covenanted to pay, and also to pay all taxes and assessments levied or to become due on the premises during the term of the lease. The publishing company went into posssession on that day, and remained in possession until May 1, 1893. There is now due from the publishing company to the building company for such taxes and rent coming due during that time the sum of $45,-658.77. At the time of the commencement of this action the publishing company was insolvent. The plaintiffs hold a minority of the stock of the building company, the majority of such stock being held by the officers, directors, and stockholders of the publishing company, who also constitute a majority of the managing officers and directors of the building company, and who, it is alleged by the plaintiffs and found by the trial court, control the affairs of the building company; and refused, on the demand of these plaintiffs, to take any steps to recover of the publishing company the amount so due for such rent and taxes. For this reason this action was com-

menced by the plaintiffs, as such stockholders of the building company, on its behalf, to procure judgment in its favor against the publishing company for said amount due under said lease. This action is brought on behalf of all other creditors of the publishing company and against it and all of its stockholders to ascertain and enforce their constitutional liability, and for the appointment of a receiver of the publishing company, under G. S. 1894, c. 76, §§ 5889–5911. No objection is made in this court to the right of these plaintiffs thus to maintain the action. After the commencement of the action a receiver of the publishing company was appointed by the court below. Notice was given under G. S. 1894, c. 76, § 5911, to all other creditors of the publishing company to exhibit their claims, and become parties to the action. A number of such other creditors came in, exhibited their claims, and joined in the proceedings. On the trial before the court without a jury all of the issues were found in favor of the plaintiffs, and the claims of said other creditors were found in their favor, and duly allowed; judgment was ordered in favor of the building company and of each of said other creditors for the amounts so found due him; the receiver was ordered to convert the assets of the publishing company into money, and, after deducting necessary expenses, to pay all of said claims, if the funds remaining in his hands were sufficient therefor; the amount of stock so held by each of the defendant stockholders was ascertained and it was ordered that, in case such assets were not sufficient so to pay all of said claims in full, after deducting such expenses, judgment be entered against the stockholders pro rata for the balance, not exceeding, however, the amount of stock held by each defendant. Judgment was ordered accordingly, and from an order denying their motion for a new trial the defendants appeal.

1. It is urged by appellants that the publishing company is a manufacturing corporation, and that, therefore, its stockholders are not liable on their stock, the same being fully paid up. The nature of the business of the publishing company, as set out in its articles of incorporation, is "the printing and publishing of a daily and weekly newspaper, and the printing and publishing of such other newspapers or publications as the corporation may at any time desire to undertake; also the conducting of a general job and book printing business, lithographing, electrotyping, stereotyping, and book bind-

ing, and all other business connected with the foregoing and with printing and publishing." In order to exempt the stockholders from liability to the creditors the corporation must be an exclusively manufacturing concern. Even though its business is largely or principally manufacturing, if in addition thereto it does or may do, under its articles, some other business not merely incidental thereto, the stockholders are liable. Mohr v. Minnesota Elevator Co., 40 Minn. 343, 41 N. W. 1074; Arthur v. Willius, 44 Minn. 409, 46 N. W. 851; Densmore v. Shepard, 46 Minn. 54, 48 N. W. 528, 681; First Nat. Bank v. Winona Plow Co., 58 Minn. 167, 59 N. W. 997. The business of publishing an ordinary daily or weekly newspaper is at most only partly a manufacturing business, and that part is merely incidental to the main or principal part of the business, which is collecting and selling news, preparing and selling literary work, and other editorial work. Even the advertising department of such a newspaper cannot be considered merely as the printing and distribution of advertisements handed in by advertisers, so as to amount in itself to a merely mechanical or manufacturing business. The advertiser buys the use of the news and the literary and editorial work as a vehicle on which to convey his advertisements into the hands and to the notice of the readers of the paper, and he pays much more for such use of the news and literary and editorial work than he does for the mere mechanical work of printing and distributing his advertisements. This view of the nature of the business of publishing a newspaper is sustained by the following cases: In re Capital Pub. Co., 18 N. B. R. 319; Evening Journal Ass'n v. State Board of Assessors, 47 N. J. Law, 36; Press Printing Co. v. Board of Assessors, 51 N. J. Law, 75, 16 Atl. 173,—in each of which it was held that the business of publishing a newspaper is not a manufacturing business. We are of the opinion the stockholders are liable.

2. It is urged by appellants that the publishing company had no power, under the charter, to make the lease in question, and that the act of the directors and officers in attempting to do so is ultra vires. The building so leased is an eight-story business block, fitted up for offices. The publishing company never occupied but a counting room on the first floor and two editorial rooms on the second floor of the building. To the extent that it could find tenants, it sublet the rest of the building for use as offices, a bank, and the base-

ment as a barber shop. It is urged by appellants that the publishing company needed but a small part of this building in its business, that it was not authorized by its charter to go into the business of renting and subletting office buildings, and that, therefore, the lease was ultra vires. The publishing company might have occupied all of this building in the printing, publishing, lithographing, stereotyping, book binding, and other kinds of business authorized by its charter. That it did not do so is no concern of the lessor. The stockholders holding the great majority of the stock in the publishing company held also the great majority of the stock in the building company, which seems to have been organized as a sort of an auxiliary to the publishing company. A part of the business of the building company, as expressed in its articles of incorporation, is to purchase a parcel of land in Minneapolis, and erect a building thereon "sufficient to accommodate the business of the Globe Publishing Company," and "to lease the same, or some part thereof, to said corporation and other tenants." On August 8, 1888,—nearly nine months before the date of the lease, and when the building was only partly constructed,—the board of directors of the publishing company passed a resolution offering to rent the building for the term and on the terms embodied in this lease, and authorizing its officers to execute the proper lease on the acceptance of the proposition by the building company. The building company accepted, and the lease was accordingly made. It is not claimed by these appealing stockholders that they did not have full notice and knowledge of all these transactions as they occurred. Yet they never took any steps to prevent the execution of the lease, or to set it aside after it was executed. The publishing company took possession and enjoyed the fruits of that possession for four years, and, even though it was a losing bargain, the stockholders cannot now be heard to say that the lease was void. The making of this lease was an abuse of their powers on the part of the directors, if they never intended to make any other use of the rented premises than they have made of them. But it does not follow that the lease is void, at least after the lessee has enjoyed the benefit of it. It cannot then be heard to repudiate its burdens.

3. On the trial these appellants offered in evidence a certified copy of the judgment of the district court of Ramsey county appointing a

receiver for the publishing company in another action commenced prior to the commencement of this action. The plaintiffs and other creditors objected to it on the ground that it was incompetent and inadmissible under the pleadings. The court received it subject to the objection, but ignored it in his findings, and this is assigned as error. This judgment was clearly inadmissible under the pleadings. The answers of these appellants make no mention of any such other action being pending, or of any such judgment having been entered, and the action of the court amounted to a refusal to receive the judgment in evidence after he had reserved his ruling on the point. But neither that judgment nor the action in which it was entered could be pleaded either in abatement or bar of this action. It was an action commenced by a stockholder of the publishing company to set aside as fraudulent a sale and transfer of all the assets of the publishing company to a new corporation, organized by a few of the officers of the publishing company. The judgment setting aside the sale and appointing a receiver of the publishing company was entered by the consent of all the parties to that action. Such judgment was entered, and such receiver appointed, after the commencement of this action. But even if it was all done before the commencement of this action, it would not defeat this action. This is an action under G. S. 1894, c. 76, §§ 5889–5911, for the benefit of all the creditors. That was not; it was merely an internal or family affair. It seems that some time after the commencement of this action, and the appointment of a receiver herein, an order was made in that action, under said section 5911, requiring the creditors of the publishing company to exhibit their claims, and become parties to that action. It seems clear to us that that action was not a proper one in which to make that order, but, conceding that the order was merely irregular, and not void, and cannot be impeached collaterally in this action, it is not necessary so to impeach it. That order did not relate back to the commencement of that action, but took effect only from the time the order was made. This action was commenced before that order was made, so that the Hennepin county district court got jurisdiction in this action for the purposes of this action before the Ramsey county court did, and, having first obtained such jurisdiction, is entitled to maintain it.

4. The appellants did not serve the notice of appeal on the other creditors who exhibited their claims and became parties to this suit, and on the authority of Frost v. St. Paul B. & I. Co., 57 Minn. 325, 59 N. W. 308, the respondents insist that no action can be taken on this appeal prejudicial to the rights of those other creditors, as established by the order appealed from. The point is well taken, and would prevent a reversal on the first and third grounds above discussed. However, as the appellants could take another appeal from the judgment when entered in this action, and as the case was fully argued on all the points involved, and we being fully satisfied from that argument that the decision must be against the appellants on all those points, we deemed it best to decide all of them and thus prevent the expense and delay of another appeal.

There is nothing in the point that those other creditors who exhibited their claims, appeared at the trial, and had them allowed, and judgment ordered for them, are not parties to this action, because in their pleadings they did not designate themselves as intervenors. Neither is there anything in the point that the building company did not have the power to make this lease of its own building to the publishing company.

This disposes of all the questions raised, and the order appealed from is affirmed.