ANCHOR INVESTMENT COMPANY v. COLUMBIA ELECTRIC COMPANY and Others.[1]

July 2, 1895.

Nos. 9331—(179)

**Manufacturing Corporation—Construction of Articles.**

> The articles of incorporation of the defendant corporation construed, and it is *held* that such corporation was not organized for the purpose of doing only a manufacturing business, and that its stockholders are liable to the amount of their stock for corporate debts.

Appeal by one of defendants from an order of the district court for Ramsey county, Kelly, J., overruling a demurrer to the complaint. Affirmed.

*F. M. Catlin* and *T. T. Fauntleroy*, for appellant.

This action is unauthorized by G. S. 1878, c. 76, for the reason that defendant corporation was not a moneyed corporation. In the case of McKusick v. Seymour, Sabin & Co., 48 Minn. 158, 50 N. W.

· [1] Reported in 63 N. W. 1109.

1114, which decided the same point, the attention of the court was not called to G. S. 1866, c. 121, § 9, which provides that "the provisions of the General Statutes, so far as they are the same as those of existing laws, shall be construed as a continuation of such laws and not as new enactments." That case was disposed of on the theory that the revision of 1866 enlarged the scope of sections 15 to 22 of chapter 76, as previously applied, by the addition to the chapter of section 1. But section 1 was an existing law (R. S. 1851, c. 76, § 1) at the time of that revision, and prior thereto could in no way have been construed as relating in any degree to the modes of procedure set forth in sections 12–22, which were then a part of R. S. 1851, c. 77 (§§ 13–20). So far as section 1 is the same as it was prior to 1866, it is not to be construed as a new enactment. So far as sections 12–22 are the same as they were prior to 1866, they are not, for the purpose of construction, new enactments.

Sections 15 to 22 were taken verbatim from New York (R. S. 1829, part 3, c. 8, tit. 4, §§ 43–50), and in that state have been construed as applying only to the moneyed corporations mentioned in their section 39, which is the same as the Minnesota section 12. Mann v. Pentz, 3 N. Y. 415. The same provisions were enacted in Wisconsin, and have been given the same construction there. Alder v. Milwaukee Brick Mnfg. Co., 13 Wis. 57. This being the history of these sections as incorporated in R. S. 1851, c. 77, this court prior to 1866 would have confined their force to moneyed corporations. In 1866 no new enactment extended their scope, and for the purpose of construction they were not re-enacted.

*Young & Lightner*, for respondent.

G. S. 1866, c. 121, § 9, is inapplicable. The purpose of the section was to prevent a repeal and re-enactment of identical laws. The sections of chapter 76 may have been found prior to 1866 in different chapters, and for that reason the later sections may have had no application to the corporations named in the earlier sections of the chapter. But the fact that the earlier sections were taken from a chapter limited to certain corporations, and placed in a chapter which by its terms applies to all corporations (section 1), is a clear indication the legislature intended they should apply to all corporations.

CANTY, J.   Plaintiff recovered a judgment against the Columbia Electric Company, a corporation organized and created under the laws of this state.   Execution was returned unsatisfied, and thereupon this action was commenced, under G. S. 1878, c. 76, by the plaintiff on behalf of himself and all other creditors, against the corporation and its stockholders, for the appointment of a receiver of the corporate assets, and the enforcement of the constitutional liability of the defendant stockholders.   Five of the defendants, who it is alleged are stockholders, demurred to the complaint, on the ground that there is another action pending between the same parties for the same cause of action, and on the ground that the complaint does not state facts sufficient to constitute a cause of action. From an order overruling this demurrer one of the defendants appeals.

It is claimed by the appellants that the complaint shows that the insolvent corporation is exclusively a manufacturing corporation, and that, therefore, its stockholders are exempt from such liability. The complaint alleges that the nature of the business of the corporation, as expressed in its articles of incorporation, is "to acquire, own, construct, install, operate, lease, and sell electric plants, supplies, and appliances used or to be used; to make, use, furnish, and supply electric light, power, and heat; to purchase, own, or acquire franchises in cities, towns, and villages in this state, or in other states and territories, for the manufacture and sale of electric or other artificial light, power, and heat;  to receive in payment for all work or labor done or material furnished in the construction, alteration, repair, or running of said electric or other artificial light, power, and heat plants, bonds, stock, mortgages, or other securities upon said plants, or upon other real or personal property, and to sell, dispose, pledge, or mortgage the same; to own real, personal, or mixed property taken as payment or security, or on foreclosure in payment of all debts or obligations due, or to become due, to said corporation or otherwise;  also, to manufacture and to sell any and all apparatus, supplies, and appliances necessary or convenient to be used in connection with said principal business, and the acquiring and controlling of any property, real, personal, or mixed, including letters patent, and the doing and performing of any and all acts necessary, incident, and advantageous to the

prosecution of said general business." It seems to us that it is plain from these articles that the corporation was not organized to do only a manufacturing business. It is to be gathered from the articles that one of the main purposes was to deal and speculate in electric light, power, and heat plants. It had authority to "acquire" electric plants. One of the definitions of "acquire" given by Webster is "to gain by any means"; and, in the connection in which the word is used in these articles, it seems to us that its meaning is as broad as that definition. The case comes within the rule laid down in First Nat. Bank v. Winona Plow Co., 58 Minn. 167, 59 N. W. 997, and cases there cited.

Appellant's contention that sections 12–22 of said chapter 76 (G. S. 1894, §§ 5900–5910) apply only to "moneyed corporations" is disposed of in McKusick v. Seymour, Sabin & Co., 48 Minn. 158, 50 N. W. 1114.

Appellant's contention that the present stockholders of an insolvent incorporation are not liable on their stock for debts incurred before they acquired such stock is disposed of by First Nat. Bank v. Winona Plow Co., supra.

The other points raised are wholly without merit.

The order appealed from is affirmed.