ST. PAUL BARREL COMPANY v. MINNEAPOLIS DISTILLING COMPANY and Others.[1]

Nov. 18, 1895.

Nos. 9481—(25).

**Manufacturing Corporation—Liability of Stockholders.**

Articles of defendant corporation construed. *Held*, that it was not organized for the purpose of carrying on an exclusively manufacturing business, and, as a consequence, that its stockholders are liable for its debts, to the amount of their stock.

Appeal by certain defendants, alleged in the complaint to be stockholders of defendant corporation, from an order of the district court for Hennepin county, Russell, J., overruling demurrers to the complaint.   Affirmed.

*Van Fossen & Frost, Savage & Purdy, Sumner Ladd and Thomas Kneeland,* for appellants.

*Lewis & Hallam,* for respondent.

COLLINS, J.   This was an action brought to enforce the constitutional liability of the stockholders in defendant corporation, and appellant stockholders rely on the exception introduced into section 3 of article 10 of the state constitution by the amendment of 1872. The section reads thus:   "Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him."   If the corporation was a manufacturing concern, within the purview of this exception, this action cannot be maintained.   But, if it was not, the order appealed from, overruling a general demurrer to the complaint, must be sustained.

1 Reported in 64 N. W. 1143.

The articles under which the corporation was organized provided that "the general nature of the business shall be the buying of grain and the manufacturing and distilling of the same into liquor, and the manufacturing, distilling, buying and selling and dealing in liquor," and the conducting of one or more distilleries for that purpose." This constitutional provision, or rather, the exception therein, has been considered by this court in a number of cases, commencing with State v. Minnesota Thresher-Manuf'g Co., 40 Minn. 213, 41 N. W. 1020, and ending with Anchor Inv. Co. v. Columbia Electric Co., 61 Minn. 510, 63 N. W. 1109. The rule by which the present case must be determined was fully formulated in Arthur v. Willius, 44 Minn. 409, 46 N. W. 851, as follows: Only those corporations come within this exception which are organized for the purpose, as stated in their articles of association, of carrying on an exclusively manufacturing business; and if the purposes as thus stated are to carry on both a manufacturing business and other kinds of business, not properly incidental to or necessarily connected with the manufacturing business, they are not within the exception. Measured by this proposition, was the business of defendant, as stated in its articles, exclusively manufacturing, including, of course, such business as was properly incidental thereto or necessarily connected therewith? Of all the cases which have heretofore been determined in this court, that of First Nat. Bank v. Winona Plow Co., 58 Minn. 167, 59 N. W. 997, is most in point here. See, also, Densmore v. Shepard, 46 Minn. 54, 48 N. W. 528, 681.

The articles authorized defendant corporation not only to distill and manufacture, but also to buy and sell and deal in liquors. Admitting that distilling and manufacturing may be, and frequently are, carried on by using an alcoholic solution already produced by fermentation, and also by using spirits already distilled, to a degree, and that the purchase of the solution and the distilled spirits for use in this way is necessarily connected with and is properly incidental to the manufacturing business, is it not evident that this corporation could have transacted a mercantile as well as a manufacturing business? It could have bought and sold and dealt in unlimited quantities of ardent spirits without distilling or manufacturing a single particle, and without being open to the charge that such buying and selling and dealing were ultra vires. Counsel claim that the final

clause of the quoted language, "and the conducting of one or more distilleries for that purpose," is controlling of all that precedes, and that by this expression the corporation was restricted and limited to such buying and selling and dealing as were absolutely necessary and strictly incidental to the business of distilling and manufacturing. But if we give to this language its ordinary meaning, it simply announces what would be inferred if it were omitted,—that the corporation is to conduct one or more distilleries for the purpose of distilling and manufacturing liquors.  It has no other or greater significance.

Order affirmed.