MINNESOTA TITLE INSURANCE & TRUST COMPANY v. WILLIAM
REGAN and Others.

June 2, 1898.

Nos. 11,169—(145).

Corporation—Manufacture and Lease of Machinery—Const. art. 10,
§ 3.

> A domestic corporation was organized, and the general nature of its
> business was to manufacture, sell, use, and lease machinery and manu-
> factured articles. *Held*, that it was not organized for the purpose of
> carrying on a manufacturing business exclusively, and that its stock-
> holders are not within the exception found in Const. art. 10, § 3.

Action in the district court for Hennepin county by plaintiff, as
judgment creditor of Fisher Specialty Manufacturing Company, a
corporation, in behalf of itself and other creditors, against the
corporation and its stockholders to recover upon their statutory
liability. From an order, Johnson, J., overruling their demurrer
to the complaint, certain stockholders appealed. Affirmed.

*Geo. M. Bleecker*, for appellants.

*Van Fossen & Frost*, for respondent.

BUCK, J.

This case comes before this court upon demurrer to the com-
plaint, and the question presented is whether the defendant Fisher
Specialty Manufacturing Company is, under the constitution (ar-
ticle 10, § 3), a corporation organized exclusively for the purpose of
carrying on any kind of manufacturing business. The particular
clause of the articles of incorporation of the company reads as
follows:

"The general nature of the business of said corporation shall be
to manufacture, sell, use and lease machinery and manufactured
articles, and, incidental thereto, to buy, own, sell, lease, or other-
wise dispose of real estate, patents, inventions and other personal
property."

It is unnecessary to discuss or pass upon that part of the article
relating to what is claimed to be incidental to the main business.
The other part of the article does not limit the corporation to the

selling, using, and leasing of machinery of its own manufacture. It may not only engage in the business of manufacturing machinery, but it is also expressly authorized to sell, use, and lease machinery manufactured by third parties. While both kinds of business,—that is, the manufacture and selling of goods manufactured by itself, and selling those manufactured by third persons,—might be lawfully done by the corporation, yet the liabilities of the stockholders would in such case be different from those of a corporation manufacturing and selling its own goods.

If stockholders desire to invoke the protection of that clause of the constitution referred to, they must insert in their articles of incorporation terms limiting business to that of manufacturing, or such as is properly incidental thereto, and do this in express terms. Here the language used is not so limited, and not even equivocal or of doubtful import, but in express terms permits the business of selling, using and leasing machinery and manufactured articles in unlimited quantities not of its own manufacture. Thus, it could do a general mercantile business under the guise of being merely a manufacturing concern. St. Paul Barrel Co. v. Minneapolis Distilling Co., 62 Minn. 448, 64 N. W. 1143; Commercial Bank v. Azotine Mnfg. Co., 66 Minn. 413, 69 N. W. 217. The stockholders are therefore not within the exception found in the constitution (article 10, § 3).

Order affirmed.