MERCHANTS' NATIONAL BANK OF ST. PAUL v. MINNESOTA THRESHER MANUFACTURING COMPANY.[1]

July 3, 1903.

Nos. 13,479—(123).

### Corporation—Liability of Stockholders to Creditors.

The articles of an alleged manufacturing corporation are the sole criterion for determining the intention of the incorporators and the purposes for which the corporation was organized, and, unless it fairly appears therefrom that it was organized for the exclusive purpose of engaging in manufacturing and such incidental business as may be reasonably neces-

[1] Reported in 95 N. W. 767.

sary for effectuating the purpose of its organization, its stockholders are liable for its debts to the amount of stock held by them.

**Same.**

Rule applied, and *held* that the stockholders of the defendant corporation are so liable for its debts.

Appeal by D. N. Morgan and eight other stockholders from an order of the district court for Washington county, Williston, J., levying an assessment of $18 per share upon each share of the capital stock of defendant corporation and upon the persons liable as the holders thereof.   Affirmed.

*J. H. Benton, Jr.,* and *Koon, Whelan & Bennett,* for appellants.
*Davis, Kellogg & Severance,* for respondent.

START, C. J.

This action was commenced in the district court of the county of Washington by the plaintiff, a judgment creditor of the defendant, an insolvent corporation, under the provisions of G. S. 1894, p. 1594 (c. 76) and a receiver was duly appointed herein.   The receiver duly made and filed his petition praying the court to order, direct, and levy a ratable assessment upon the parties liable as stockholders of the defendant, pursuant to the provisions of Laws 1899, p. 315 (c. 272).   The court, after a hearing on the petition, and on December 23, 1902, made its order assessing each share of the capital stock of the defendant for the sum of $18, and certain of the stockholders appealed from the order.

The sole question presented for our consideration and decision is whether the stockholders of the defendant are liable for its debts to the amount of stock held or owned by them, as provided by article 10, § 3, of our state Constitution.   Or, in other words, is the defendant a corporation organized for the purpose of carrying on any kind of manufacturing or mechanical business within the meaning of the constitutional provision referred to?   The answer to the question depends upon the construction to be given to the articles of association of the defendant, which, so far as here material, are in these words:

> "The objects for which this corporation is formed are the purchase of the capital stock, evidences of indebtedness issued by it, and the assets of the Northwestern Manufacturing and Car Company, a corporation existing under the laws of the

90 M.—10

state of Minnesota, or any portion of said capital stock, evidences of indebtedness or assets, and the manufacture and sale of steam engines of all kinds, farm implements and machinery of all kinds, and the manufacture and sale of all articles, implements and machinery of which wood and iron or either of them form the principal component parts, and the manufacture of the materials therein used."

It is manifest from this language that the defendant was not organized for the purpose of carrying on any mechanical business; hence the question is whether it is a manufacturing corporation within the meaning of the Constitution. It is important, before analyzing the articles of incorporation, to determine the rule by which they are to be construed. The rule is to be deduced from the constitutional provision imposing the liability of stockholders for the debts of their corporation, the statute as to the organizing of manufacturing corporations, and the decisions of this court construing them. The Constitution provides that:

"Each stockholder in any corporation (excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business) shall be liable to the amount of stock held or owned by him." Article 10, § 3.

And the statute as to the statement of the purposes for which a manufacturing corporation is organized in its articles requires that:

"The purpose for which every such corporation shall be established shall be distinctly and definitely specified by the stockholders in their articles of association, and it shall not be lawful for said corporation to direct its operations or appropriate its funds to any other purpose." G. S. 1894, § 2807.

It is obvious from these provisions that the liability of stockholders for the debts of the corporation is the general rule, and their nonliability therefor the exception, and that, to bring them within the exception, the purpose for which the corporation is organized must be so definitely stated in the articles of association as to show fairly upon their face that the corporation was organized only for the purpose of engaging in the business of manufacturing. And, further, that the actual intention of the incorporators, except so far as it appears on the

face of their articles, must be immaterial, for creditors proposing to give credit to the corporation have no other means of determining such intention, and whether or not the stockholders are liable for its debts.

These premises have been uniformly accepted as correct by this court in all of its decisions relating to the liability of stockholders for the debts of their corporation; and, basing our conclusion upon such decisions, we hold that the rule in such cases by which the articles of the corporation are to be construed is this: It is immaterial that the corporation was organized under the statute providing for organizing manufacturing corporations or what the actual intention of the incorporators was, or that the corporation in fact carried on only a manufacturing business, but its articles of incorporation are the sole criterion as to such intention and the purposes for which the corporation was organized; and, unless it fairly appears therefrom that it was organized for the exclusive purpose of engaging in manufacturing and such incidental business as may be reasonably necessary for effectuating the purpose of its organization, its stockholders are not within the exception to the general rule of constitutional liability of stockholders for the debts of their corporation.    State v. Minnesota T. Mnfg. Co., 40 Minn. 213, 41 N. W. 1020; Mohr v. Minnesota Ele. Co., 40 Minn. 343, 41 N. W. 1074; Arthur v. Willius, 44 Minn. 409, 46 N. W. 851; Densmore v. Shepard, 46 Minn. 54, 48 N. W. 528; First Nat. Bank of Winona v. Winona Plow Co., 58 Minn. 167, 59 N. W. 997; Oswald v. St. Paul Globe Pub. Co., 60 Minn. 82, 61 N. W. 902; St. Paul Barrel Co. v. Minneapolis Distilling Co., 62 Minn. 448, 64 N. W. 1143; Hastings Malting Co. v. Iron Range Brewing Co., 65 Minn. 28, 67 N. W. 652; Anderson v. Anderson Iron Co., 65 Minn. 281, 68 N. W. 49; Commercial Bank of St. Paul v. Azotine Mnfg. Co., 66 Minn. 413, 69 N. W. 217; Nicollet Nat. Bank v. Frisk-Turner Co., 71 Minn. 413, 74 N. W. 160; Minnesota Title Ins. & Trust Co. v. Regan, 72 Minn. 431, 75 N. W. 722; Cuyler v. City Power Co., 74 Minn. 22, 76 N. W. 948; Gould v. Fuller, 79 Minn. 414, 82 N. W. 673; Senour Mnfg. Co. v. Church Paint & Mnfg. Co., 81 Minn. 294, 84 N. W. 109; Craig v. Benedictine Sisters Hospital, 88 Minn. 535, 93 N. W. 669.

It is, however, the contention of counsel for the appellants—if we correctly understand their claim—that the later decisions of this court have modified the rule we have stated to the effect that in construing

the articles of incorporation the conditions and circumstances under which the language thereof was used by the incorporators should be looked into for the purpose of ascertaining the intention of the persons using it.

The cases relied upon in support of this claim are Senour Mnfg. Co. v. Church Paint & Mnfg. Co., supra, and Cuyler v. City Power Co., supra. In the last case there is no hint of any modification of the rule, or that reference may be had to any matters outside the articles of incorporation to arrive at the intention of the incorporators when adopting the charter. On the contrary, it was held on the face of the articles, putting aside all technicalities, that it clearly appeared therefrom that the only business for which the corporation was organized was to produce and create motive power for transmission and use as might be desirable for any legitimate purpose. The only plausible support to be found in the first case for the claim of counsel is the statement in the opinion that: "The intention of the incorporators must control in construing this language. The same rule must be applied as is applied in the construction and interpretation of contracts and other writings." It is manifest, however, from the opinion, that it does not hold that the intention of the incorporators may be ascertained by a reference to any matters not appearing on the face of the articles, for it is expressly held that they are the sole criterion as to the purposes for which the corporation was formed; that is, for ascertaining the intention of the associates.

Now, taking the articles in question by the four corners, and reading them in the light of the rule we have stated, without resorting to technicalities, does it fairly appear therefrom that the corporation was organized for the exclusive purpose of engaging in manufacturing and business incidental thereto and reasonably necessary for carrying into effect such purpose? We answer the question in the negative. There are two general purposes for which the corporation was organized as declared by the articles—one the purchase of the capital stock, evidence of indebtedness, and assets of an existing corporation; and the other the manufacture and sale of all articles, implements, and machinery made of wood and iron, or either of them, and the manufacture of the materials therein used. The first purpose does not

appear to be a necessary incident to the second one. On the contrary, the corporation was authorized to buy and sell the stock, choses in action, and assets of the Northwestern Manufacturing & Car Company mentioned in the articles, without ever engaging in the business of manufacturing. The first purpose appears to be independent of the second one, for the power to buy necessarily includes the incidental power to use, collect, deal with, or sell the stock and assets of the then existing corporation. Nor does it fairly appear, expressly or by necessary implication, from the language of these articles, that such stock and assets were to be purchased only as a necessary incident to the declared purpose of manufacturing all articles which are made of wood or iron, or either of them.

We have proceeded thus far as if the question whether the defendant corporation was organized for the sole purpose of carrying on an exclusive manufacturing business was an open one, and have reached the conclusion on the merits that it was not. A majority of the court, however, are of the opinion that the question is not an open one, for the reason that the identical articles of incorporation here under consideration were construed in the case of State v. Minnesota T. Mnfg. Co., 40 Minn. 213, 41 N. W. 1020, and it was decided by the court that the defendant was not such a corporation. It is urged on behalf of appellants that such decision was not in response to any issues in the case; hence all that is said in the opinion as to whether the defendant was organized for the sole purpose of carrying on an exclusive manufacturing business was obiter. We are of the opinion that it was not. The case referred to was one to forfeit the franchise of the defendant as a corporation because it was carrying on a business not authorized by its charter; that is, buying and dealing in the stock, evidence of indebtedness, and assets of the car company. It is true that the state alleged and the defendant admitted that it was a manufacturing corporation, but its articles of incorporation were a part of the pleadings. Hence the first question before the court was what kind of a corporation the defendant was—a question necessary to be determined, for whether the defendant had misused its corporate franchises depended largely upon the answer to be given to the question. And the court laid down the rule for the construction of the articles of incorporation, construed them in accordance therewith, and held that the

defendant was not a manufacturing corporation, but belonged to the class authorized by G. S. 1894, p. 766 (c. 34, tit. 2).

It follows that the stockholders of the defendant are liable for its debts, and that the order appealed from must be affirmed.

Order affirmed.