## WILLIAM T. GODDARD v. PETER JOST.[1]

February 2, 1917.

Nos. 20,108—(227).

**Corporation not a manufacturing corporation — liability of stockholders.**
A corporation organized to conduct a general manufacturing business, and to generate and distribute electric light, heat and power, and to furnish and supply electrical appliances and devices of all kinds, and in carrying out such purposes to conduct the business of electrical contractors and electrical and mechanical engineers, as well as other business specifically authorized, is not a manufacturing corporation within Const. art. 10, § 3, and the stockholders of such a corporation are liable to corporate creditors to the amount of their stock.

[1]Reported in 161 N. W. 223.

Action in the district court for Meeker county by the receiver of the Ardmore Electric Company to recover $100 in payment of an assessment upon the capital stock of the insolvent company held by defendant. From an order, Daly, J., sustaining plaintiff's demurrer to the answer, defendant appealed. Affirmed.

*Alva R. Hunt* and *Ernest W. Campbell,* for appellant.

*Orr, Stark & Kidder,* for respondent.

DIBELL, C.

This action was brought to recover upon the liability of the defendant as a stockholder in the Ardmore Electric Company.

The complaint alleged facts sufficient to give a right of recovery. The answer admitted the essential facts, except the character of the corporation, and in that behalf alleged that the corporation was a manufacturing corporation within the meaning of the Constitution, and that therefore there was no liability of its stockholders for corporate debts. The plaintiff demurred to the answer. The demurrer was sustained. This appeal is from the order sustaining it.

The business of the corporation as stated in its articles is as follows:

"The general nature of its business shall be to conduct a general manufacturing business, and to generate and to furnish electric current, light, heat, power and other electric forces of any and all kinds, and to furnish or supply electrical articles, appliances, devices and apparatus of any and all kinds, and for the purpose of carrying out these objects.

(a) To acquire by purchase or otherwise * * * lands, interests in land, easements, water power and flowage rights * * *

(b) To maintain and operate any and all electrical articles, appliances * * *

(c) To manufacture and construct electrical and other articles, appliances * * *

(d) To construct, purchase, lease or otherwise acquire, and to maintain and operate, central and branch electrical stations * * *

(e) To conduct the business of electrical contractors, electrical and mechanical engineers."

The Constitution, art. 10, § 3, provides as follows:

"Each stockholder in any corporation, except those organized for

the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him."

The company was not a manufacturing corporation within the meaning of the Constitution. The question is hardly a debatable one. A corporation organized for the purpose of generating and distributing electricity is a manufacturing corporation. Vencedor Inv. Co. v. Highland C. & P. Co. 125 Minn. 20, 145 N. W. 611. And see Cuyler v. City Power Co. 74 Minn. 22, 76 N. W. 948. The articles of the corporation under consideration authorize more than the generation and distribution of power. They contemplate the doing of business other than manufacturing. Illustrative cases are cited in 1 Dunnell, Minn. Dig. § 2080. As of considerable value in this connection the following may be noted: Meen v. Pioneer Pasteurizing Co. 90 Minn. 501, 97 N. W. 140; Gould v. Fuller, 79 Minn. 414, 82 N. W. 673; Minnesota Title Ins. & Trust Co. v. Regan, 72 Minn. 431, 75 N. W. 722; Commercial Bank of St. Paul v. Azotine Mnfg. Co. 66 Minn. 413, 69 N. W. 217; First Nat. Bank of Winona v. Winona Plow Co. 58 Minn. 167, 59 N. W. 997.

The conclusion we reach that the electric company is not a manufacturing corporation within the meaning of the Constitution is determinative of the appeal.

Order affirmed.