R. C. SLETTEN AND ANOTHER v. EDWIN F. FINK.[1]

April 17, 1925.

No. 24,587.

**Articles of incorporation not those of manufacturing company.**
Articles of incorporation considered and construed. *Held* that the same do not limit the business of the corporation to that of manufacturing.

See Corporations, 14a C. J. p. 259, § 2098.

From an order of the district court for Kandiyohi county, Baker, J., granting the petition of Edwin F. Fink, receiver of the Minnesota Implement Company, for an assessment upon its stockholders, plaintiffs appealed. Affirmed.

*Davis & Michel* and *M. J. McCabe,* for appellants.
*Frank Tolman,* for receiver.

QUINN, J.

This is an action by the receiver of the Minnesota Implement Company, a corporation organized under the laws of the state of Minnesota, to enforce the constitutional liability of the stockholders for its corporate debts. The matter was heard before Honorable Harold Baker, judge of the district court, who made and filed an order adjudging and decreeing that an assessment be levied upon each share of the capital stock of the company and against each of the owners thereof, and that each stockholder pay to the receiver the sum of $50 for and on account of each share of stock so owned and held by him. From such order this appeal was taken.

There was no controversy as to the facts. They are stated in the record as stipulated by the parties, and may be summarized as follows: The Minnesota Implement Company is a corporation, duly organized under the laws of Minnesota. Edwin F. Fink is the duly appointed, qualified and acting receiver. At the time of

[1]Reported in 203 N. W. 429.

his appointment as such receiver, and ever since, such corporation was and is insolvent. An assessment of 100 per cent upon the shares of stock is necessary to meet the claims of its creditors. The appellants are stockholders and liable under such assessment, if such an assessment is authorized under the law.

Whether the articles of incorporation limit the corporation exclusively to manufacturing, is the only question involved upon this appeal. Article 1 is as follows:

"Article I:

"The name of this corporation shall be: Minnesota Implement Company.

"The general nature of its business shall be to manufacture all kinds and varieties of mechanical appliances, instruments and machines and any and all processes and products; to obtain, purchase or otherwise acquire patents, patent agreements and licenses to manufacture patented articles; and to sell, assign or otherwise dispose of patents, patent agreements and licenses to manufacture, and to also grant licenses in respect thereof or otherwise turn the same to account; to enter into, carry out or otherwise turn to account contracts of every kind: to have and maintain offices within and without the state; to acquire, hold, mortgage, lease and convey or otherwise use or dispose of real and personal property in any part of the world; and in general to carry on such obligations and to do all such things in connection therewith as may be permitted by the laws of Minnesota and be necessary or convenient in the conduct of the company's business."

The cause was submitted, as well in the court below as here, upon the printed record which is made up of copies of the articles of incorporation, the petition of the receiver asking for an assessment of 100 per cent upon the stock, and a copy of the order appealed from. There is no showing as to what kind of business the corporation transacted while it was a going concern. An examination of Article I, above set forth, makes it clear that not only manufacturing is provided for in the article, but the right to acquire patents, patent agreements and to sell and dispose of the same, to enter

into and to carry out contracts of every kind, to acquire, hold and mortgage real and personal property in every part of the world, and, in general, to carry on such obligations and to do all such things in connection therewith as may be permitted by the laws of Minnesota, necessary or convenient in the conduct of its business. It is perfectly apparent that, under the articles the company could transact real estate business, not only in Minnesota but throughout the world; that it could enter into the purchase and sale of patents and patent rights, and enter into and carry into effect all kinds of contracts.

Applying the rules of construction, as stated in Senour Mnfg. Co. v. Church Paint & Mnfg. Co. 81 Minn. 294, 84 N. W. 109, cited by appellants, it is manifest that, under its articles of incorporation, the company was not confined to manufacturing, but might enter into various kinds of business to an unlimited extent. We reach the conclusion that the articles of incorporation do not limit the nature of the company's business to that of manufacturing. Densmore v. Shepard, 46 Minn. 54, 48 N. W. 528, 681; First Nat. Bank of Winona v. Winona Plow Co. 58 Minn. 167, 59 N. W. 997; Oswald v. St. Paul Globe Pub. Co. 60 Minn. 82, 61 N. W. 902; St. Paul Barrel Co. v. Minneapolis Dist. Co. 62 Minn. 448, 64 N. W. 1143.

Affirmed.