COMMERCIAL BANK OF ST. PAUL v. AZOTINE MANUFACTURING COMPANY and Others.[1]

December 8, 1896.

Nos. 10,212—(90).

**Manufacturing Corporation—Liability of Stockholders.**

According to its articles, a domestic corporation was organized "to manufacture and deal in azotine and other fertilizing materials, grease and stearin." *Held*, that it was not organized for the purpose of carrying on a manufacturing business exclusively, and that its stockholders are not within the exception found in Const. art. 10, § 3.

**Amendment—Findings Sustained.**

Certain assignments of error relating to rulings upon the trial of this action, which was brought to ascertain and enforce the double liability of stockholders in the corporation, considered and disposed of.

Action in the district court for Ramsey county, under G. S. 1878, c. 76, in which judgment was entered sequestrating the property of defendant corporation, and adjudging the amount due plaintiff. Plaintiff assigned its claim and judgment to the Anchor Investment Company, which filed a complaint as intervenor, praying for enforcement of the liability of defendant's stockholders, who were brought in as parties defendant. The case was tried before Otis, J., who ordered judgment against defendant stockholders. From orders denying motions for a new trial, certain stockholders appealed. Affirmed.

*Warren H. Mead*, *O. E. Holman*, and *E. J. Darragh*, for appellants.

*Young & Lightner*, for respondents Anchor Investment Company and Commercial Bank.

*Ambrose Tighe*, for respondents Martin Delaney and others.

*Stevens*, *O'Brien*, *Cole & Albrecht*, for respondent William Dawson, Jr.

COLLINS, J. 1. According to its articles, the nature of the business for which defendant Azotine Company was organized was "to

[1] Reported in 69 N. W. 217.

manufacture and deal in azotine and other fertilizing materials, grease and stearin." The assignments of error which challenge the correctness of the holding below, that this company was not organized for the purpose of carrying on a manufacturing business exclusively, are not well taken. St. Paul Barrel Co. v. Minneapolis Distilling Co., 62 Minn. 448, 64 N. W. 1143, and cases cited; Anderson v. Anderson Iron Co., 65 Minn. 281, 68 N. W. 49. Its stockholders are not within the exception found in Const. art. 10, § 3.

2. Ann Forrestal, one of the defendant shareholders, died testate after answering the intervenor's complaint. The action was then revived by supplemental complaint against the executrix of her last will and testament, and the latter served an answer upon the intervenor's attorneys. This pleading, instead of being an answer to the supplemental complaint, seems to have been an answer to the complaint in intervention, and to have raised issues altogether at variance from those found in the answer made by Mrs. Forrestal. At the trial, counsel for the executrix moved the court to allow her answer to the supplemental complaint to stand in the nature of an amendment to the answer made by her testatrix, whereupon counsel for the intervenor, as well as counsel for all other defendants who had appeared and answered, objected. The court sustained the objection, and refused to allow the answer of the executrix, in so far as it raised new issues, or changed those already made by the answer filed by Mrs. Forrestal, to supplant the latter. This ruling is assigned as error, but we need not discuss the matter, for subsequently, in the course of the trial, counsel for the executrix was permitted, without objection, to introduce evidence tending to support the allegations of the answer made by the executrix. The evidence offered and received fell far short of sustaining the allegations relied on as a defense. In no way did the rulings excepted to injure the executrix, and therefore she has no ground for complaint.

3. Prior to the filing of the complaint in intervention, the court below had made an order in the insolvency proceedings requiring that all claims against the insolvent be submitted for allowance or disallowance within a certain time. Among these claims was one of the Standard Oil Company, which was allowed by the court, the amount being over $1,400. The Oil Company participated in a dividend paid by the receiver on order of the court, and then assigned and

transferred the balance of its claim to William Dawson, Jr., one of the defendant stockholders, for the sum of $600,—much less than was actually due. This was shown upon the trial, and also that Dawson was at the time of the appointment of the receiver, and for some years previous had been, a director and the secretary and treasurer of the insolvent corporation. The court found as a fact that Dawson was its creditor to the full amount of this claim. This finding is assigned as error, the contention of counsel for appellants being that Dawson occupied a fiduciary relation to all other stockholders, and must be held to have purchased the claim for the corporation, and for this reason entitled to collect the amount he paid, and no more, in this proceeding.

We are not called upon to pass upon this contention as an abstract proposition of law, for evidently the court below reserved it for further consideration. In the conclusions of law it was ordered that the form of the judgment to be entered should be determined by the court, and that in said judgment it should be provided that the liability of the defendant Dawson as stockholder and his claim as a creditor should be set off in such manner and to such extent as the court should provide. Obviously the whole question as to what amount or extent Dawson was to be permitted to use his claim as a creditor as an offset against his liability as a shareholder was to be the subject of determination when the form of the judgment was passed upon and settled.

4. It is also assigned as error that the court did not find who were the shareholders in the insolvent concern, or the legal extent of the liability of each. The court did find (naming each, and the number and amount of shares held by each) "all the stockholder defendants in this action, over which this court has acquired jurisdiction, and that the same are all the stockholders of said Azotine Manufacturing Company within the state of Minnesota." It is enough to say that, if further findings on this particular feature of the case were wanted, a motion should have been made in the court below for that express purpose. But the intervenor's complaint set out in full the names of all of the stockholders; the amount of stock held by each; that certain named shareholders were nonresidents, were beyond the jurisdiction of the court, and had no property within the state; and that certain other named stockholders had deceased without leaving any

estate,—all of these allegations being admitted in the defendants' answers. Findings as to the amount of shares of stock held by nonresident stockholders, over whom the court had acquired no jurisdiction, or any determination as to their liability, would have been useless, for no one would have been bound by such findings.

There are no other assignments of error which need special mention. Order affirmed.