COMMERCIAL BANK OF ST. PAUL v. AZOTINE MANUFACTURING COMPANY and Others.[1]

July 9, 1897.

Nos. 10,582—(162).

Second Appeal—Review.
   Held, that by virtue of the decision of this court (66 Minn. 413), made on a former appeal herein, which was from an order denying appellant's motion for a new trial, he had the right, on the case being remanded, to move the trial court for a further finding of fact as to a question reserved for further consideration, but, having omitted to do so, he cannot, on this appeal from the judgment, raise the question that the finding on the particular question as originally made is not sustained by the evidence, nor that it was such as to require the trial court to find certain additional facts.

Plaintiff recovered judgment in the district court for Ramsey county against the defendant Azotine Manufacturing Company, execution was returned unsatisfied, and a receiver of the company was appointed. Thereupon the Anchor Investment Company in its

1 Reported in 72 N. W. 108.

own behalf and in behalf of all other creditors of the Azotine Company, filed a supplemental complaint in intervention to enforce the double liability of the stockholders of the Azotine Company. From a judgment in favor of plaintiff and the intervenor, entered pursuant to findings made by Otis, J., James G. Donnelly, one of the defendants, appealed. Affirmed.

*E. J. Darragh,* for appellant.

*Young & Lightner,* for respondent Anchor Investment Company.

*Stevens, O'Brien, Cole & Albrecht,* for respondent William Dawson, Jr.

START, C. J.

This is the second appeal in this case, and is from a judgment against the appellant, Donnelly, and others, enforcing their liability as stockholders for the debts of the defendant corporation. Findings of fact and conclusions of law were made by the trial court, and Donnelly and others appealed to this court from an order denying their motion for a new trial. The order was affirmed, and the case remanded. Commercial v. Azotine, 66 Minn. 413, 69 N. W. 217.

This is an action to sequestrate the property of the defendant corporation under the provisions of G. S. 1894, c. 76. Judgment was so entered, a receiver appointed, and order made requiring all creditors to exhibit their claims. The Standard Oil Company filed its claim, and it was allowed in the sum of $1,468.33, which, with a claim allowed A. H. Wilder in the sum of $1,606.57, was assigned to the defendant William Dawson, Jr. The trial court found there was due from the principal defendant to Dawson on these claims, after deducting dividends paid, the sum of $1,992.27. There was evidence at the trial tending to show, and probably requiring a finding, if material, to the effect that Dawson paid only $600 for the Standard Oil Company's claim, and that he was the secretary and treasurer of the defendant when he purchased it; but the findings are silent upon each of these points.

The claim made by this appellant on the appeal from the order denying his motion for a new trial, and the disposition made of it by the court, is best stated in the opinion, which is in these words:[2]

2 At page 415.

"The court found as a fact that Dawson was its creditor to the full amount of this claim. This finding is assigned as error, the contention of counsel for appellants being that Dawson occupied a fiduciary relation to all other stockholders, and must be held to have purchased the claim for the corporation, and for this reason entitled to collect the amount he paid, and no more, in this proceeding. We are not called upon to pass upon this contention as an abstract proposition of law, for evidently the court below reserved it for further consideration. In the conclusions of law it was ordered that the form of the judgment to be entered should be determined by the court, and that in said judgment it should be provided that the liability of the defendant Dawson as stockholder and his claim as a creditor should be set off in such manner and to such extent as the court should provide. Obviously, the whole question as to what amount or extent Dawson was to be permitted to use his claim as a creditors as an offset against his liability as a shareholder was to be the subject of determination when the form of the judgment was passed upon and settled."

This disposition of the appellant's claim became the law of the case in all subsequent proceedings. It gave to the appellant the right to ask the trial court to make an additional finding of fact as to whether Dawson did in fact purchase the oil company's claim at a discount, and as to whether he then was an officer of the defendant corporation, as a basis of determining by the judgment whether he should receive dividends on the full amount of his claim, or only on the amount paid for it. If the trial court had refused.for any reason to pass upon the questions, or had found the facts against the appellant, his remedy would have been to have a bill of exceptions signed and annexed to the judgment roll, and on the appeal from the judgment the action of the trial court could be reviewed. But the appellant did nothing of the kind, although he had due notice of the time and place for settling the form and substance of the judgment to be entered. The judgment as entered directed that dividends to Dawson be "computed upon the full amount of his claim as the same has been herein adjudged as a basis for such dividends."

The appellant on this appeal from the judgment seeks to have the judgment corrected in so far as it allows Dawson dividends on the full face amount of his claim, instead of the amount it actually cost him, for the reason that he occupied such a fiduciary relation to the

corporation and his co-stockholders that he could not purchase claims against the corporation at a discount, and enforce them to the full extent of their face value, but only to the extent of the amount actually paid.

But the record as made up does not permit the review of the judgment on this point, for the findings of fact fully support and justify the judgment in the respect complained of. The finding as to the amount of the oil company's claim, and that it was assigned to Dawson, is sustained by the evidence. The trouble with it is that it does not go far enough, and also find that Dawson paid only $600 for the claim, and that he was then an officer of the corporation. As already suggested, the appellant had the opportunity to move for an additional finding in this respect. In view of the fact that the findings are absolutely silent as to the amount paid by Dawson for his claim, and as to whether he stood in such a fiduciary relation to the corporation as would prevent him from buying claims against it for his own benefit, the judgment cannot be assailed on the ground urged by the appellant. The question cannot be raised on the record herein, on this appeal, that under the evidence the trial court ought to have found the significant facts referred to, which were omitted from the finding, for the trial court was not asked so to find; nor can the question be raised that the finding as it was made is not sustained by the evidence.

Judgment affirmed.