ELEVATOR COMPANY *v.* MEMPHIS & CHARLESTON RAIL-
ROAD COMPANY.

1pi 703
2pi 598

(*Jackson.* May 3d, 1887.)

1. CORPORATIONS. *Charter powers. Ultra vires. Guaranteeing dividends.*

A railroad company, having under its charter powers "to do all lawful acts properly incident to a corporation, and necessary and proper to the transaction of the business for which it is incorporated," and "such additional powers as may be convenient for the due and successful execution of the powers granted" in its charter, has not the authority—in the absence of any explicit grant of such power—to guarantee a specified dividend on its stock, as a premium to induce a subscriber to take it, although the guarantee may have been made *in part* consideration of necessary services to be rendered for the company by the subscriber.

Case cited and approved: 131 Mass., 259.

2. SAME. *Contracts ultra vires. Not enforcible. Notice of corporation's powers.*

A contract made by a corporation in excess of its powers is not enforcible at law or in equity; and a person entering into a contract with a corporation is bound at his peril to take notice of the legal limits of its capacity.

Case cited and approved: 131 Mass., 259.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. W. McDOWELL, Ch.

ESTES & WARINER for Complainant.

POSTON & POSTON for Defendant.

TURNEY, C. J.    The charter of the Memphis & Charleston Railroad Company gives power "to do all lawful acts properly incident to a corporation and necessary and proper to the transaction of the business for which it is incorporated," and "that said company shall possess such additional powers as may be convenient for the due and successful execution of the powers granted in this charter."

To induce a subscription of stock to the latter, the Memphis & Charleston Railroad Company entered into an agreement with the complainant company that "these subscriptions are made with the understanding that the Memphis & Charleston Railroad Company will guarantee that the subscribers shall receive not less than eight per cent. dividends per annum on the stock paid in," the board of directors resolving "that this company [Memphis & Charleston Railroad] will and doth guarantee that the subscribers to the capital stock of the Memphis Grain and Package Elevator Company shall receive not less than eight per cent. dividends per annum on the stocks paid in respectively by them."

*    *    *    *    *    *    *    *    *    *

This bill is filed to enforce the contract.    It is clear that by the terms of the charter the railroad company is authorized to employ all appliances necessary to the promotion of the legitimate objects and purposes of the corporation.    It may as properly build or rent elevators for purposes of loading and unloading as it may hire labor, buy or rent trucks, wagons, etc.    To do such things falls

strictly within the powers granted. But does the charter confer a power to go beyond the employment of the necessary means and guarantee a profit to persons, firms, or corporations engaged in their peculiar business?

In 131 Mass. R., page 259, Chief Justice Gray, after saying the reported cases on the subject are so numerous that he will refer to comparatively few of them, adds:

"A corporation has power to do such business only as it is authorized by its act of incorporation to do, and no other. It is not held out by the Government nor by the stockholders as authorized to make contracts which are beyond the purposes and scope of its charter. It is not vested with all the capacities of a natural person or of an ordinary partnership, but with such only as its charter confers. If it exceeds its chartered powers, not only may the Government take away its charter, but those who have subscribed to its stock may avoid any contract made by the corporation in clear excess of its powers. If it makes a contract manifestly beyond the powers conferred by its charter, and therefore unlawful, a court of chancery, on application of a stockholder, will restrain the corporation from carrying out the contract, and a court of common law will sustain no action on the contract against the corporation.

"Every person who enters into a contract with a corporation is bound at his peril to take notice of the legal limits of its capacity."

This is sound in reason and principle, and is the rule in this State. The case before us falls strictly within it.

The obligation to guarantee a profit cannot be construed to mean a hiring of labor or machinery for railroad purposes. While it may by implication be understood as an agreement to employ the elevator to do necessary work for the railroad company, it goes beyond and assures a patronage of a large per cent.

There is nothing in the obligation which expressly binds the corporation to use the elevator, nor is it important to its owners whether it does use it. The guarantee of eight per cent., if good at all, is good without a use of the elevator.

The corporation is only concerned in its own success, and authorized only to do such things as are necessary to the transaction of its business— the business for which it was incorporated. In no part of the grant of power is that of guaranteeing the success of another institution, person, or corporation to be found in either expression or implication.

Decree affirmed.