THE PEOPLE ex rel. THE EDISON ELECTRIC ILLUMINATING COM-
PANY of New York, Appellant, *v.* EDWARD WEMPLE, as
Comptroller, etc., Respondent.

133  617
141  475

There is no limitation as to the time in which a corporation may apply to
the comptroller for the revision of a tax levied upon it, under the pro-
vision of the act providing for the taxation of certain corporations (§ 19,
chap. 542, Laws of 1880), as amended in 1889 (chap. 463, Laws of 1889),
which authorizes that officer to revise and readjust tax accounts against
corporations theretofore settled.

No power is conferred upon the comptroller by said act, or upon the court
in reviewing his decision as authorized by it (§ 20), to direct the refund-
ing of any tax paid into the state treasury pursuant to the act. All that
the comptroller may do is to resettle the account and charge or credit to
the corporation, as the case may require, the difference, if any, resulting
from the revision "upon the current account."

Upon review by the court it may give no judgment that the comptroller
might not have given.

*It seems* that in case the corporation is not liable to taxation and so, has no
account with the comptroller, it is for the legislature to carry out the
decision of the comptroller or the court by making an appropriation to
refund the illegal tax.

(Argued February 29, 1892; decided May 3, 1892.)

THIS was a motion to amend a remittitur.

The case is reported in 129 N. Y. 664.

The following is the opinion in full:

"The remittitur should be amended so as to allow interest
on the sum paid by the relator from the time of such payment,
but there is no authority for a judgment directing the money
to be refunded. Chapter 463 of the Laws of 1889 gives to
corporations a new and important remedy. It permits them to
apply to the comptroller for a revision of any tax levied upon
them under the law providing for the taxation of certain corpo-
rations. They are not limited as to time within which the
application is to be made. Any corporation that ever paid a
tax under the law may now apply for a revision and readjust-
ment. But the legislature did not confer power upon the
comptroller or the court to direct the refunding of any tax
paid into the treasury to the corporation that paid it. There
may be cases where it would be just and perhaps necessary to

refund the money paid, but such cases are reserved for the action of the legislature itself. Taxes once paid into the treasury under this statute cannot be paid back without an appropriation. All the comptroller is authorized to do in an application for revision and readjustment is to resettle the account and to charge or credit, as the case may require, the difference, if any, resulting from such revision 'upon the current account' of the corporation filing the petition. The courts are authorized to review the action of the comptroller, and to correct it when found erroneous upon the facts or the law. But upon such review the court can give no judgment that the comptroller could not have given when the application was before him. The party paying the tax and applying for a review, perhaps many years after, has no remedy except what the statute gives him. The legislature never intended to clothe the comptroller with power to pay back to corporations taxes when he was of the opinion that they were illegally assessed. It was supposed that justice would be done by permitting the comptroller to give the corporation credit upon its account. This leaves the money collected in the treasury, but gives the corporation the benefit of any sum paid in excess of what might have been lawfully demanded, by applying it upon future taxes. It was assumed that the corporation would have such account, and in this case it has. This corporation has an account with the comptroller, because, since 1889, it was liable to taxation. In a case where there was no liability to taxation, and, consequently, could not be any account between the corporation and the comptroller, the legislature may carry out the decision of the court by making a proper appropriation of the money.

"The motion, except as to the interest, should be denied."

*Eugene H. Lewis* for motion.

*Simon W. Rosendale, Attorney-General,* opposed.

O'BRIEN, J., reads for denial of motion, except as to interest. All concur.
Motion denied.