Judgment reversed and a new trial granted, costs to abide the event.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDISON ELECTRIC LIGHT COMPANY, Relator, *v.* FRANK CAMPBELL, Comptroller of the State of New York, Respondent. No. 1.

*Taxation of corporations — review of an assessment — the Statute of Limitations does not apply to it — what return does not deny the allegations of a petition — extent of the manufacture which exempts a corporation.*

An application to the Comptroller, under chapter 463 of the Laws of 1889, to review the assessment of taxes imposed upon a corporation in the years 1881, 1882, 1883, 1884 and 1885, under chapter 542 of the Laws of 1880, and the acts amendatory thereof, may be made at any time; the Statute of Limitations does not apply to it.

The petition of a corporation for a writ of certiorari to review such an assessment, after stating that in the course of its business it did, during the years in question, make contracts with certain corporations and persons to construct, operate and sell complete central station plants to furnish electric light, heat and power, specifically alleged that during the same period it owned and operated electric light and power plants, and manufactured and distributed, by conductors from its central station, electricity to its customers.

The return made by the Comptroller to the writ stated that during the years mentioned the principal business of the corporation was the owning of, and the licensing parties to use, various patents relating to electricity; that its principal income was derived from royalties upon its patents; that its capital was largely represented by its ownership of bonds and stocks in other companies. and finally stated: "And, as I believe, relator did not furnish but little, if any, light, or run or operate wires to any extent during said time."

*Held,* that the return did not deny the relator's statement that it manufactured and furnished electricity to its customers;

That the production of electricity was a manufacture, and that as the relator was engaged in manufacturing to some extent* it was exempt from taxation under the provisions of chapter 542 of the Laws of 1880, and the acts amendatory thereof.

CERTIORARI issued out of the Supreme Court and attested on the 12th day of September, 1892, directed to Frank Campbell, Comptroller of the State of New York, requiring him to certify and return to the office of the clerk of the county of Albany all his acts and proceedings, with all papers and documents relating to the assessment of certain taxes upon the capital stock of the relator for the five years ending November 1, 1885.

The proceeding was taken under chapter 463 of the Laws of 1889. The taxes in question were assessed under chapter 542 of the Laws of 1880 and the acts amending that statute.

*Eugene H. Lewis* and *C. R. Waterbury*, for the relator.

*T. E. Hancock, Attorney-General*, and *G. D. B. Hasbrouck, Deputy Attorney-General*, for the respondent.

HERRICK, J.:

This is a certiorari to review the assessment of certain taxes levied by the Comptroller of the State of New York upon the capital stock of the relator for the years 1881, 1882, 1883, 1884 and 1885 inclusive.

Except for the decision in the case of *The People ex rel. Edison Electric Illuminating Company* v. *Wemple* (133 N. Y. 617) I should hold that these proceedings were barred by the Statute of Limitations; but until the court of last resort, upon a more careful and deliberate consideration of that question, sees fit to reverse its then holding, I feel compelled to follow the decision there made.

The assessing of taxes upon the defendant for the years mentioned proceeded upon the assumption that during such years the relator was not engaged in the manufacturing business.

The petition of the relator, after setting forth that in the course of its business it did during such years make contracts with licensee companies and individuals to construct, operate and sell complete central station plants for the purpose of furnishing electric light,

heat and power, and describing what it did in connection with its contracts, alleges " that during the same period the light company owned and operated electric light and power plants and manufactured and distributed, by conductors from the central stations, electricity to its customers."

The return of the Comptroller cannot be said to deny this statement of the petition. It states that " during the several years mentioned the relator's principal business was the owning and licensing the use of various kinds of patents employed in lighting, heating or furnishing motive power by electricity, and its principal income and revenue during those years resulted from the sale of royalties for the use of patents owned by relator, which patents were used by other companies or corporations, and the relator's capital was largely represented by its ownership of bonds and stocks of other companies, and, as I believe, relator did not furnish but little, if any, light, or run or operate wires to any extent during said time."

The return of the Comptroller in these proceedings has been held conclusive as to the facts. But here, it will be perceived, there is no definite return by the Comptroller as to the facts ; he does not deny the relator's statement, that it manufactured electricity and furnished it to its customers ; he asserts that he believes that the relator did not furnish but little, if any light, or run or operate wires to any extent ; this leaves it open to the inference that the relator did furnish some light ; that it did run and operate wires to some extent ; and, taken in connection, as we must under the circumstances, with the allegations in the petition of the relator, it appears that during the years in question the relator was engaged in the production and distribution to its customers of electricity. The production of electricity has been held to be manufacturing within the meaning of the statute. (*People ex rel. Brush Elec. Manuf. Co.* v. *Wemple*, 129 N. Y. 543.)

The Comptroller having proceeded upon the assumption that the relator was not engaged in the manufacturing business, his determination must be reversed.

Determination of the Comptroller reversed, with fifty dollars costs and disbursements.