THE PEOPLE OF THE STATE OF NEW YORK ex rel. WESTERN UNION TELEGRAPH COMPANY, Respondent, v. JAMES A. ROBERTS, as Comptroller of the State of New York, Appellant.

*Taxation — assignment of a credit allowed to a corporation upon a readjustment of its franchise tax — it cannot be used by the assignee as an offset to a tax due to the State from such assignee.*

Where the Comptroller, upon a readjustment of a franchise tax imposed upon a corporation, pursuant to chapter 463 of the Laws of 1889, has credited the corporation in its account with a certain sum, a second corporation, to which the corporation first mentioned has assigned a portion of the credit, is not entitled to have the Comptroller apply the portion of the credit so assigned to it in payment of taxes assessed or to be assessed against it.

A corporation is not at liberty to offset a claim it has against the State against a claim which the State has against it.

APPEAL by the defendant, James A. Roberts, as Comptroller of the State of New York, from an order of the Supreme Court, made at the Rensselaer Special Term, and entered in the office of the clerk of the county of Rensselaer on the 7th day of January, 1898, ordering that a peremptory writ of mandamus issue, directed to the defendant, commanding him forthwith to credit the current account of the relator in the office of the Comptroller of the State of New York with the sum of $5,789.04, being the amount of the credit of the Panama Railroad Company appearing in the current account of that company, and assigned by it to the relator.

*T. E. Hancock, Attorney-General,* and *G. D. B. Hasbrouck, Deputy Attorney-General,* ior the appellant.

*Foster, Kelly & Isenbergh* and *Brown & Wells,* for the respondent.

MERWIN, J. :

The Panama Railroad Company is a domestic corporation, organized in 1849, and is subject to the franchise tax imposed by chapter 542 of the Laws of 1880, and the acts amendatory thereof or supplemental thereto. Under these laws, prior to 1889, the company had been assessed and had paid into the State treasury a large amount of taxes. In 1889, by chapter 463 of the Laws of that year, the Comptroller was authorized to revise and readjust any account theretofore settled by himself or any preceding Comptroller against any corporation for taxes under the acts referred to, whenever it should be made to appear by evidence submitted to him that the same had been illegally paid, or so made as to include taxes which could not have been lawfully demanded, and to resettle the same according to law and the facts, and charge or credit, as the case might require, the difference, if any, resulting from such revision upon the current accounts of the corporation. In 1891 the Panama Railroad Company, under the provisions of the act of 1889, made application to the then Comptroller for the resettlement and revision of its account for taxes theretofore paid. A revision was accordingly made, and as a result the Comptroller, on the 30th of December, 1891, credited the company in its account with the sum of $94,028.85.

On the 21st of July, 1896, the Panama Company, by assignment in due form, transferred to the relator the amount of $5,789.08 out of the total credit above stated, and on the eighth of September assigned the balance to the Manhattan Railway Company.

The relator is a domestic corporation and has a current account with the State in the office of the Comptroller for taxes assessed under the acts referred to, and large sums of money become due to the State each year on account of such taxes. The annual tax assessable against the Panama Railroad Company does not now exceed the sum of $400.

In August, 1896, the relator demanded of the defendant that the amount of credit transferred to it by the Panama Company be credited to the relator on its current account, or, as the defendant in the record here states, in payment of taxes due from the relator. This the defendant declined to do. The motion for a mandamus was made in December, 1897.

The defendant claimed that the readjustment in 1891 was made without authority of law; that the taxes for which the credit was granted were assessed and collected prior to the passage of chapter 501 of the Laws of 1885, and were legal and demandable under the law as it then stood (*People* v. *Horn Silver Mining Co.*, 105 N. Y. 76); that the Panama Company was not entitled to the credit granted, and that the defendant had no right to entertain the assignment of the credit.

Under the act of 1889 the Comptroller had no authority to direct the refunding of any tax previously paid into the State treasury. (*People ex rel. The Edison Electric Ill. Co.* v. *Wemple*, 133 N. Y. 617.) In the case cited it is said: "The legislature did not confer power upon the comptroller or the court to direct the refunding of any tax paid into the treasury to the corporation that paid it. There may be cases where it would be just and perhaps necessary to refund the money paid, but such cases are reserved for the action of the legislature itself. Taxes once paid into the treasury under this statute cannot be paid back without an appropriation. All the comptroller is authorized to do in an application for revision and readjustment is to resettle the account and to charge or credit, as the case may require, the difference, if any, resulting from such revision 'upon the current account' of the corporation filing the petition."

The relator evidently desires the transfer of credit to its own account for the purpose of using it in payment or satisfaction of taxes assessed or to be assessed against it by the Comptroller. These taxes are payable to the Treasurer of the State, and if the credit transferred to the relator becomes operative as a payment, taxes to that amount are diverted from the treasury for the purpose of the payment of a claim against the State held by the relator as the assignee of the Panama Company. This operates indirectly, through the act of the Comptroller in transferring the credit, as a payment of a claim which the Comptroller had no right directly to pay. He had no right to draw a warrant on the treasury for its payment, and no money could be paid out of the treasury except in pursuance of an appropriation by law. (Const. art. 3, § 21.)

The claim of the Panama Company, if a valid one, drew interest (*People ex rel. Edison, etc.,* v. *Wemple, supra*) which would be more than its current taxes. The fact that by the provisions of the act of 1889 the company was not furnished full or adequate relief, does not authorize the court to grant relief not given by that or any other statute. The question is not whether the claim ought to be paid, but whether the particular relief here asked for is authorized by law.

The relator in substance seeks to offset a claim it has against the State against a claim the State has against it. This it has no right to do. (*People* v. *Corner,* 59 Hun, 299; affd., 128 N. Y. 640, without opinion.) In that case the plaintiff sued the defendant for goods sold and delivered to the defendant from the State Reformatory at Elmira. The defendant interposed a counterclaim for damages for breach of contract in not furnishing other goods upon orders of defendant accepted by the plaintiff through its agents. It was held that, assuming that the facts alleged constituted a cause of action in favor of the defendant, and that equitably and justly he was entitled to recover, still he was not entitled to use his claim as a set-off against the claim of the State; that not being allowed to bring an action against the State, he could not use his cause of action as a set-off against a claim of the State.

Assuming that the adjustment under which the relator claims is a valid one, we are of the opinion that the relator has no right to com-

pel the defendant to apply the assigned credit or claim in payment of taxes assessed, or to be assessed, against the relator, and that, therefore, the order for a mandamus was improperly granted.

All concurred, except PUTNAM, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.