CORNELIUS C. CUYLER and Another v. CITY POWER COMPANY
and Others.

October 20, 1898.

Nos. 11,283—(69).

**Corporation—Construction of Articles.**
  The charter provisions of a domestic corporation construed.

**Same—Manufacturing Corporation.**
  *Held*, that from these provisions it clearly appears that such corporation was organized to carry on an exclusively manufacturing business.

Action in the district court for Otter Tail county by plaintiffs, in their own behalf and in behalf of all other creditors of the defendant City Power Company, to enforce the individual liability of the stockholders in that company. Defendants A. T. Rand, C. D. Wright, Elmer E. Adams, Samuel Hill, Anna E. Hill, and C. W. Ames demurred to the complaint on the ground that it failed to state a cause of action. From an order, Baxter, J., sustaining the demurrer, plaintiffs appealed. Affirmed.

*C. C. Houpt* and *Clapp & Macartney*, for appellants.

In order to exempt stockholders from liability to creditors, the corporation must be an exclusively manufacturing concern. Even though its business is largely or principally manufacturing, if in addition thereto it does or may do, under its articles, some other business not merely incidental thereto, the stockholders are liable. Oswald v. St. Paul G. Pub. Co., 60 Minn. 82; St. Paul Barrel Co. v. Minneapolis Dist. Co., 62 Minn. 448. In the absence of fraudulent attempts to evade the law, the articles of incorporation are the sole criterion to ascertain the purpose for which the corporation was formed. Nicollet Nat. Bank v. Frisk-Turner Co., 71 Minn. 413; Arthur v. Willius, 44 Minn. 409; Densmore v. Shepard, 46 Minn. 54.

A proper test to determine whether the articles authorized any business beyond what is incidental to manufacturing is whether it could, under its charter, successfully defend in an action by a stockholder or the state, on a charge of doing an unauthorized

business. Arthur v. Willius, supra; St. Paul Barrel Co. v. Minneapolis Dist. Co., supra.

Applying these rules, we contend that under its charter the company can buy and sell, lease as lessee and as lessor, property, water power and rights, without even improving the same, much less operating them. The authority to deal in the several articles mentioned in the charter is not limited to such as may be necessary or convenient to the defendant's business of creating or transmitting power by the defendant corporation, for there is no such limitation, but for the business generally. In support of this construction see Mohr v. Minnesota El. Co., 40 Minn. 343; Densmore v. Shepard, supra; First Nat. Bank v. Winona P. Co., 58 Minn. 167; Anchor Inv. Co. v. Columbia El. Co., 61 Minn. 510; St. Paul Barrel Co. v. Minneapolis Dist. Co., supra; Anderson v. Anderson, 65 Minn. 281.

*W. E. Dodge* and *Charles S. Albert*, for respondents.

The purpose of the constitutional exemption of stockholders in manufacturing and mechanical corporations from double liability has been declared to be the fostering of manufacturing within the state and the promotion of the establishment of manufacturing corporations. Nicollet Nat. Bank v. Frisk-Turner Co., 71 Minn. 413; Cowling v. Zenith I. Co., 65 Minn. 263; State v. Minnesota T. M. Co., 40 Minn. 213; People v. Wemple, 129 N. Y. 543; Waterbury v. Atlas, 42 La. An. 723; City v. Arthurs, 36 La. An. 98; Attorney General v. Lorman, 59 Mich. 157. This exemption should be construed liberally. Martin v. Wakefield, 42 Minn. 176; White v. Steam Tug, 6 Cal. 462. The provision of the constitution imposing on stockholders a liability for the debts of the corporation is in derogation of common right, and to be extended no further than strict construction carries it; the exception must be liberally construed. If the language leaves a reasonable doubt whether such liability was intended to be imposed, the doubt must be resolved against the liability. Sutherland, St. Const., §§ 366, 371, 400; Gray v. Coffin, 9 Cush. 192; Dane v. Dane, 14 Gray, 488; Chase v. Lord, 77 N. Y. 1; Danvers v. City, 10 Pick. 513; Moyer v. Pennsylvania, 71 Pa. St. 293; City v. Chaffee, 70 Mich. 80; City v. Putnam, 45

Mich. 263; Wakefield v. Fargo, 90 N. Y. 213; Coffin v. Rich, 45 Me. 507; 1 Cook, Stockh. § 214. A corporation organized for a certain specified purpose is granted, either expressly or impliedly by the law, all the necessary and incidental powers needful for carrying out that purpose. So in the charter of defendant corporation it was provided that it should acquire and hold real estate, water power, canals, water courses, bridges, dams, pipes, buildings and other works necessary, proper or convenient for the purpose for which it was organized, and the disposal of its said property. These are merely incidental powers, and are expressly subject to the main purpose and the only purpose, that of creating and producing motive power. These incidental powers are directly and immediately appropriate to the execution of the specific power granted. Nicollet Nat. Bank v. Frisk-Turner Co., supra; Hastings Malt. Co. v. Iron Range B. Co., 65 Minn. 28; Cowling v. Zenith I. Co., supra; People v. Wemple, supra. The express provision of the charter is that the company can acquire property for the purpose of manufacturing power, and such property as is necessarily incidental to that purpose.

COLLINS, J.

That part of the charter of defendant corporation (article 1) to be construed at this time reads as follows:

"The general nature of its business shall be the acquiring and holding, either by purchase or lease, of real estate and water power, and the purchasing, hiring, building, improving or construction of canals, locks, ponds or water courses within Otter Tail county, Minnesota, with the water power appurtenant thereto; the building, erecting, repairing, laying, purchasing, leasing, operating and maintaining of all necessary and convenient bridges, free or toll dams, flumes, water gates, pipe conduits, aqua ditches, wells, reservoirs, buildings, fixtures, cables, machinery and water wheels, or other works necessary, proper or convenient for the purpose of producing and creating water, steam and other motive power, and all transmission and application of the same for manufacturing and lawful business, and the acquiring, in any lawful manner, of any or all flowage and riparian rights that may be necessary or convenient in the prosecution of its business and the disposing of any or all of its said property, power and rights, either by sale or lease."

And the sole question is whether the corporation is within the excepting clause found in section 3, art. 10, of the state constitution, and its stockholders exempt from the individual liability which plaintiffs attempt to fasten upon them in this proceeding.

We have had occasion many times since 1872 (when the exception was made a part of section 3) to pass upon like provisions in the charters of other corporations with respect to the same question, and the general proposition laid down is that the excepting clause applies only to corporations organized to carry on an exclusively manufacturing or mechanical business, including anything which is properly incidental to or necessarily connected with such business, and, in the absence of fraudulent attempts to evade the law, the articles of incorporation are the sole criterion to ascertain the purposes for which the corporations are formed.

It is the contention of the counsel for defendant stockholders that, under the language before quoted, the corporation was limited to the carrying on of a manufacturing business, and that its authority to purchase and hold property and to do other things was limited to the acquisition of property and the performance of acts for the establishment of works, necessary, proper or convenient for the creation of water, steam or other motive power, together with maintenance and operation of such works,—in other words, that the corporation could only acquire property and perform acts necessary for the establishment of its business, as an incident to its authority to create, manufacture and dispose of some kind of motive power; while on the part of plaintiffs' counsel it is claimed that under its charter the corporation could buy or sell, or could lease either as landlord or tenant real property or water power or water rights, without creating or transmitting any motive power whatsoever, and without improving or operating such property or power in any manner,—to put it in other words, that the corporation could deal, as vendor or vendee, in real property and water power, or could lease the same as lessor or lessee without even improving the same, so that motive power could thereby be produced. If this claim be correct, and the charter provisions should be so construed, it is quite clear that the defendant shareholders

have not brought themselves within the terms of the excepting clause, and therefore cannot escape the individual liability.

The language found in article 1 must be read and analyzed as a whole when we attempt to ascertain the purpose for which the corporation was formed. If, when fairly construed, it clearly appears that the organization had for its object the production of motive power, and was not incorporated for the purpose of acquiring and selling or leasing real estate, water power or property out of which motive power could be produced by another party, then the corporation was a manufacturing establishment. The purpose announced and designated in the article, of acquiring and holding real estate and water power, the acquisition of any and all flowage and riparian rights necessary or convenient for its business, and the disposal of its property, power and rights, would be mere incidents to its certain specified purpose,—that of creating, producing or manufacturing water or steam or other motive power for transmission and use. The improvement of its real property or water power in any or all of the ways enumerated in the article would be nothing more than the necessary preparation for manufacturing, the mechanical business incident to the inauguration of the real business.

After a careful examination of the entire article under consideration, putting aside all technicalities, desiring to arrive at the intent of the incorporators when adopting the charter, and fairly construing the language used, we are of the opinion that it clearly appears that the real business of the corporation, and the only business for which it was organized, was to produce and create water, steam and other motive power for transmission and use, as might be desirable for any legitimate purpose. Its avowed object of acquiring property and improving the same was in aid of its intended and announced business, to be carried on within the boundaries of Otter Tail county. We think that, fairly construed, the article simply authorizes the acquisition and retention of real estate and water power "necessary, proper or convenient for the purpose of producing and creating water, steam and other motive power"; and it is expressly provided that the specifically designated improvements, as well as the acquisition of flowage and riparian

rights, shall be such as are necessary or convenient in the prosecution of its business.

We cannot agree with counsel for plaintiffs in their claim that, under the provisions of the charter, the corporation could have bought and sold, or could have leased as lessor or lessee, real property and motive power, improved or unimproved, within the limits of the county, and could have escaped the charge of acting ultra vires. The last part of the article, which provides for the disposal of property, power and rights, by sale or lease, must be read with the fact in mind that the business of the corporation was to produce motive power for transmission and use,—power which would have to be disposed of by either sale or lease. This provision may have been unnecessary, as were others in the article, as we construe it, but it does not affect the rest of the language.

We have assumed here, and there is no claim to the contrary, that the creation and production of motive power for transmission and use is a manufacturing business. This assumption seems to have abundance of authority to support it. See 14 Am. & Eng. Enc., 269; Nassau v. City, 89 N. Y. 409; People v. Wemple, 129 N. Y. 543, 29 N. E. 808; People v. Campbell, 88 Hun, 527, 34 N. Y. Supp. 711.

From the complaint it appeared that the defendant corporation was organized to carry on an exclusively manufacturing business.

Order affirmed.

MITCHELL, J. (dissenting).

I dissent. The provisions of the articles of association as to the nature of the corporate business are somewhat involved and obscure, and so much is contained in them in relation to water powers and their improvement and operation for the purpose of generating power that a casual reading might lead to the conclusion that this, with its necessary incidents, was the only authorized business of the corporation. But, after a careful analysis of the language of the articles, I am unable to come to any other conclusion than that they authorized the company to engage in the business of buying and selling water powers, improved or unimproved (and,

for that matter, any real estate), without either improving or operating them for the generation of power.