SENOUR MANUFACTURING COMPANY v. CHURCH PAINT & MANUFACTURING COMPANY and Others.[1]

November 12, 1900.

Nos. 12,228—(88).

### Insolvent Corporation—Liability of Stockholders.

In this action, which is one to enforce the personal liability of stockholders for the debts of a corporation, it is *held*:

[1] Reported in 84 N. W. 109.

Manufacturing Company.

1. That the corporation in question was organized, as appears by its articles of association, solely for manufacturing purposes, and the stockholders thereof are not liable for its debts.

Articles of Incorporation—Prior Agreement to Transact Other Business.

2. The fact that the promoters and organizers of the corporation intended and contemplated that the corporation should carry on and conduct a nonmanufacturing business when completely organized, and intentionally withheld a statement of such contemplated nonmanufacturing business from its articles of association, and limited the purposes of the corporation solely to manufacturing for the purpose of avoiding the personal liability of stockholders, and the further fact that such nonmanufacturing business was subsequent to the organization of the company in fact engaged in, did not change the character of the corporation, nor subject the stockholders to personal liability for corporate debts.

Fraud.

3. If such conduct on the part of the organizers and subsequent acts of the corporation in engaging in ultra vires transactions amounted to a fraud, it was such as to the state only, of which private individuals not injuriously affected cannot complain.

Purposes of Corporation—Articles.

4. In proceedings to enforce the personal liability of stockholders for the debts of the corporation, the articles of association are the sole criterion as to the purposes for which the corporation was formed.

Action in the district court for Ramsey county to enforce the liability of defendant stockholders in defendant corporation. The case was tried before Kelly, J., who at the close of plaintiff's testimony granted a motion to dismiss the action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*James E. Trask* and *Edward B. Graves*, for appellant.

The articles of association authorize the company to do other business than manufacturing and the business properly incident thereto. Hence the corporation is not within the constitutional exception. Oswald v. St. Paul Globe Pub. Co., 60 Minn. 82, 85; Arthur v. Willius, 44 Minn. 409, 415; First Nat. Bank v. Winona P. Co., 58 Minn. 167, 171; St. Paul Barrel Co. v. Minneapolis D. Co., 62 Minn. 448. This exception, being a limitation upon the general policy and law of the state, should be strictly construed. Arthur

v. Willius, supra; Minnesota Title Ins. & T. Co. v. Regan, 72 Minn. 431.

A corporation can bring itself within the excepting clause of the constitution only by complying with G. S. 1894, §§ 2805, 2807. Defendant is not a manufacturing corporation within the meaning of the excepting clause of section 3, article 10, of the constitution, because its stockholders did not correctly, truthfully, or in good faith specify in their articles the purpose for which the company was established, and because the statement in its articles as to the general nature of its business was false and was fraudulently inserted as part of a fraudulent attempt to avoid liability and evade the law. Fraud or bad faith in the statement setting forth the pretended business of the company made the articles void in so far as they on their face attempt to fix the charter or limit the business of the company exclusively to manufacturing. Brundred v. Rice, 49 Oh. St. 640; McGrew v. City, 85 Tenn. 572; Le Warne v. Meyer, 38 Fed. 191; Nicollet Nat. Bank v. Frisk-Turner Co., 71 Minn. 413, 421; Cuyler v. City Power Co., 74 Minn. 22. Notwithstanding the fraudulent statement in its articles as to the nature of its business the company is in fact, if not in law, a corporation; and the members of a de facto corporation are not liable as co-partners. Finnegan v. Noerenberg, 52 Minn. 239; Johnson v. Okerstrom, 70 Minn. 303; McCarthy v. Lavasche, 89 Ill. 270; Hause v. Mannheimer, 67 Minn. 194.

The mercantile business of the company by the unanimous ratification of all its stockholders became the legal business of the company, although not authorized by its articles; and the stockholders by their own acts are estopped from asserting that the company was an exclusively manufacturing company. Life v. Mechanic, 7 Wend. 31. The plea of ultra vires should not prevail, whether interposed for or against a corporation, when it would not advance justice, but on the contrary would accomplish a legal wrong. Auerbach v. Le Sueur Mill Co., 28 Minn. 291, 297; Bradley v. Ballard, 55 Ill. 413; State v. Citizens, 47 Ind. 407; Erb v. Yoerg, 64 Minn. 463; Bissell v. Michigan, 22 N. Y. 258; Whitney v. Barlow, 63 N. Y. 62; Allegheny v. McClurkan, 14 Pa. St. 81, 83; Bulkley v. Derby, 2 Conn.

252; Holmes v. Willard, 125 N. Y. 75; Kraniger v. Peoples B. Soc., 60 Minn. 94, 98.

*A. G. Briggs*, for respondent Church Paint & Manufacturing Company.

BROWN, J.

This is an action to enforce the liability of defendants as stockholders of the Church Paint & Manufacturing Company, a corporation, for the debts of the corporation. The cause was dismissed in the court below at the conclusion of plaintiff's evidence, and plaintiff appeals from an order denying a new trial.

Defendants contest their liability on the ground that the corporation of which they are so sought to be charged as stockholders was organized as a manufacturing corporation, and under section 3 of article 10 of the state constitution they are not personally liable for its debts.

Plaintiff claims (1) that by the terms of the articles of incorporation the company was organized for purposes other than manufacturing, and that the constitutional exemption does not apply; (2) that at the time the corporation was organized the promoters and organizers thereof contemplated and intended the corporation to carry on and conduct a mercantile business in connection with, though not incidental to, the manufacturing business named in the articles, and fraudulently designated the objects of the corporation to be manufacturing only, for the purpose of avoiding the stockholders' personal liability; (3) that a very large volume of its business transactions was in fact of a mercantile character, not incidental to, or necessarily connected with, its manufacturing business; that all the stockholders of the corporation were cognizant of the departure from the authority conferred by the articles of incorporation, participated in and sanctioned the same, and are now estopped from asserting that it was a manufacturing corporation.

1. The contention that the articles of incorporation authorize a business other than manufacturing cannot be sustained. The purposes of the corporation are designated therein in the following language:

"The general nature of the business of this corporation shall be

to manufacture painters' materials and supplies, and the owning, holding, and using of letters patent pertaining to the manufacture of such articles, and the selling of such manufactured articles, and the doing of anything that is properly incident to or necessarily connected with such manufacturing business."

Appellant contends that as no particular articles of painters' materials or supplies are mentioned or specified, and as it would be next to impossible for the corporation to engage in the manufacture of all such articles, there being a vast number, the fair construction of the language of the articles permits the company to own and hold letters patent for articles not manufactured by it. The intention of the incorporators must control in construing this language. The same rule must be applied as is applied in the construction and interpretation of contracts and other writings. Applying such rule, it is clear that the plain, definite, and specific language of the articles will admit of but one construction, and that to the effect that the incorporators intended to limit the powers of the corporation to manufacturing and owning and holding such letters patent as pertained to the articles by it manufactured. This construction is not strained, as is that contended for by appellant, but is in consonance with the plain import of the language used and the evident intent of the parties. Similar language in other articles of incorporation has received a like construction by this court. Cuyler v. City Power Co., 74 Minn. 22, 76 N. W. 948; Hastings Malting Co. v. Iron Range B. Co., 65 Minn. 28, 67 N. W. 652.

2. It follows that the corporation in question was in fact organized for manufacturing purposes only, and the second inquiry is, does the fact that the incorporators, intending the corporation to carry on and conduct a mercantile business in connection with, but not incidental to, its manufacturing affairs, intentionally limited the business of the corporation by the articles of incorporation solely to manufacturing, for the purpose of avoiding the personal liability of the stockholders, take the corporation without the exception of the constitution, and render the stockholders liable notwithstanding the limitation of such articles? We answer the question in the negative.

The question has been suggested in several cases (Mohr v. Minne-

sota El. Co., 40 Minn. 343, 41 N. W. 1074; Nicollet Nat. Bank v. Frisk-Turner Co., 71 Minn. 413, 74 N. W. 160), though it has never been squarely presented to the court nor decided, and is still unsettled.

It was held in the Frisk-Turner case, supra, that the mere fact that a manufacturing corporation actually engages in a business not authorized by its articles of incorporation, with the knowledge of the stockholders, does not render them liable for corporate debts. There can be no doubt as to the correctness of that decision, for the nature and character of a corporation, as disclosed by its articles of incorporation, cannot be changed or enlarged by the acts of its officers in conducting a business foreign to, and in excess of, its powers. Whether a corporation departs from the powers specified in its articles of incorporation and engages in ultra vires transactions or not, it remains, until dissolved by competent authority, a corporation of the character and for the purposes named in its articles.

The reasoning of that decision is applicable here. If the fact that a manufacturing corporation actually engages in and conducts a nonmanufacturing business does not operate to change its character or render its stockholders personally liable for the corporate debts, why should the mere fact that the incorporators intended, at the time of organizing the concern, that it should conduct such nonmanufacturing business, render them any the more liable? In either case a manufacturing business is in fact carried on. In the one case the intent to do so is formed and acted upon after incorporation, and in the other before incorporation.

It is well settled that all persons who deal with corporations are presumed to know and are bound to take notice of its powers and authority, as conferred by its articles of incorporation. Such articles are the sole guide as to the authority in fact possessed by the corporation. Kraniger v. Peoples B. Soc., 60 Minn. 94, 61 N. W. 904; Davis v. Old Colony, 131 Mass. 258; Spence v. Mobile, 79 Ala. 576; Elevator v. Memphis, 85 Tenn. 703, 5 S. W. 52. In this case the creditors interested knew that the Church Paint & Manufacturing Company was organized solely for manufacturing purposes. They were bound to know that the stockholders of such a corpo-

ration are not personally liable for its debts, and it must follow that the failure on the part of the promoters to truthfully state in the articles of association the purposes for which the corporation was organized, though perhaps a fraud as to the state, is of no concern to them. They were in no way injured or misled by the failure, and as to them, and all others dealing with it, the corporation remained, in contemplation of law, just what it purports to be by its articles. Its authority was not enlarged nor its character changed because of the fact that its organizers intended that an ultra vires business should be engaged in.

And, again, corporations are creatures of the state, deriving their existence solely from legislative grant, and for any usurpation of power, or misuse of authority granted by their articles of incorporation, they are answerable alone to it. 2 Beach, Priv. Corp. § 435. If a corporation be organized for a particular purpose, and such purpose be not truthfully stated in its articles of association, as required by statute, and a business foreign to the purpose actually stated is undertaken and carried on, the fraud, if it be a fraud, is against the state, and not against those who subsequently deal with it. It can lawfully engage in no business not included in the purpose of the corporation as disclosed by its articles, which individuals are bound to know, and if it does so, as a matter of fact, it is an exercise of power not possessed, of which the state alone can complain. As to all others, the corporation is just what its articles make it, and nothing more.

For these reasons we hold that stockholders of a corporation organized for manufacturing purposes are not rendered personally liable for the debts of the corporation merely because its officers conduct an ultra vires business in its name, pursuant to an understanding among the organizers, at the time of incorporating, that a nonmanufacturing business should be carried on.

3. Appellant's further contention, that because a very large volume of the business of the corporation was in fact of a nonmanufacturing nature, and not incidental to such business, and was sanctioned and approved by all the stockholders, such stockholders are now estopped from asserting that the company was a manufacturing corporation, cannot be sustained.

As we have already seen, persons dealing with a corporation are bound to take notice of its authority and powers. In this particular case the creditors now before the court were bound to know that the corporation in question could not lawfully engage in a nonmanufacturing business. In contemplation of law, they dealt with it with full knowledge that a mercantile business of the character shown here, buying and selling articles and goods manufactured by other concerns, was not incidental to its manufacturing business, and was beyond the scope of its authority. They were, in consequence, not prejudiced by the conduct of the corporation, and the principles of estoppel can have no application here.

It is true that it was held in the case of Kraniger v. Peoples B. Soc., supra, that an ultra vires transaction or series of transactions could be ratified by an acquiescence on the part of all the directors of the corporation, and the corporation thereby be estopped from asserting want of authority, but that went no further than to the validity of the particular contracts, and there was no intention of holding that such conduct on the part of the stockholders could have the effect of conferring power upon the corporation to continue in such business, or to change the nature or character of the corporation.

To hold with appellant's contention in this respect would result in great confusion and much litigation. In a given case a few of the stockholders might be shown to have been cognizant of the original purpose to do an ultra vires business, or to have ratified or approved thereof, while others may not have had notice, or in any way ratified or approved the same. In such cases the corporation would be a manufacturing corporation as to some of the stockholders, and a mercantile corporation as to others, and the courts would be annoyed and perplexed in unraveling controversies as to the exact status of the stockholders. We cannot open the door to such confusion, and we hold, without further discussion, that, in proceedings to enforce the individual liability of stockholders of a corporation, the articles of incorporation are the sole criterion as to the purposes for which the corporation was formed. Cuyler v. City Power Co., supra. And if such articles designate a purely manufacturing business, it is not competent for creditors of the corporation, for the·

purpose of establishing the liability of the stockholders for corporate debts, to show that the organizers and promoters intended the corporation to conduct a nonmanufacturing business, and purposely withheld a statement of the nature thereof from the articles of association for the purpose of avoiding the stockholders' personal liability. The statements in the articles of incorporation as to the purposes thereof are conclusive.

Order affirmed.