VENCEDOR INVESTMENT COMPANY v. HIGHLAND CANAL & POWER COMPANY.[1]

February 13, 1914.

Nos. 18,499—(292).

**Manufacturing corporations — liability of stockholders.**
    1. A corporation organized for the purpose of generating electricity for distribution to the public is a manufacturing corporation within the meaning of section 3, article 10, of the Constitution, by which the stockholders of manufacturing corporations are exempted from the liability there imposed upon corporations in general.

**Same.**
    2. The fact that the corporation, organized for the purpose stated, also is vested with the power of eminent domain in acquiring property for the conduct of its business, does not render it any the less a manufacturing corporation.

Action in the district court for St. Louis county to enforce against the stockholders of defendant corporation their constitutional liability and to appoint a receiver of defendant. From an order, Cant, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*Stearns & Hunter,* for appellant.
*Washburn, Bailey & Mitchell,* for respondent.

[1] Reported in 145 N. W. 611.

---

Note. — On the question whether a corporation supplying electricity is a manufacturing company, see note in 64 L.R.A. 59. And as to whether an electric company is a manufacturing corporation for the purpose of tax laws, see note in 38 L.R.A. (N.S.) 907.

Brown, C. J.

Action to enforce the liability imposed upon stockholders of corporations by section 3, article 10, of the state Constitution. Defendant interposed a general demurrer to the complaint, and plaintiff appealed from an order sustaining the same.

The only question presented is whether the defendant is a manufacturing corporation, within the meaning of the Constitution, and therefore exempt from the liability there imposed. If it be a manufacturing corporation, the demurrer was properly sustained, for to enforce liability against the stockholders appears to be the sole purpose of the action. We come directly to that question.

The section of the Constitution referred to provides as follows:

"Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him."

The general nature of the business of this corporation is expressed in its articles of incorporation as follows:

"The generation of electricity by means of water power and the distribution of the same for light, heat and power purposes; all of the foregoing to be done for public use for reasonable compensation; for such purposes the corporation may acquire by purchase, lease or condemnation * * * all necessary dams, reservoirs, canals, pipe lines, power houses * * * necessary or convenient for carrying on the business of the corporation as above defined. * * * "

The question whether a corporation formed for the purpose of generating electricity for sale and distribution to the public is a manufacturing corporation, within the meaning of statutes upon the subject of taxation, insolvency laws, and the Federal bankruptcy act, or constitutional or statutory provisions exempting the stockholders thereof from personal liability for the debts of the corporation, has been presented in one form or another to the different state and Federal courts, and there is direct conflict in the decisions. It has been expressly held that the generation of electricity is in no sense manufacturing, within the meaning of such statutes, Frederick Co. v. City of Frederick, 84 Md. 599, 36 Atl. 362, 36 L.R.A. 130;

State v. New Orleans Ry. & L. Co. 116 La. 144, 40 South. 597, 7 Ann. Cas. 724; In re Hudson River Electric Power Co. (D. C.) 173 Fed. 934. But the general trend of the decisions is to the contrary. People v. Wemple, 129 N. Y. 543, 29 N. E. 808, 14 L.R.A. 708; Commonwealth v. Keystone Electric Light, Heat & Power Co. 193 Pa. St. 245, 44 Atl. 326; McMillan v. Noyes, 75 N. H. 258, 72 Atl. 759; Beggs v. Edison Electric Co. 96 Ala. 295, 11 South. 381, 38 Am. St. 94; Bates Machine Co. v. Trenton & N. B. R. Co. 70 N. J. L. 684, 58 Atl. 935, 103 Am. St. 811; Angola Ry. & Power Co. v. Butz (Ind. App.) 98 N. E. 818; Kentucky Electric Co. v. Buechel, 146 Ky. 660, 143 S. W. 58, 38 L.R.A.(N.S.) 907, 20 Ann. Cas. 714. Practically all the adjudicated cases will be found cited in a note to Williams v. Warren (N. H.) 64 L.R.A. 38 [72 N. H. 305, 56 Atl. 463]. The question has not heretofore been presented to this court in controverted form, though it was directly involved in Cuyler v. City Power Co. 74 Minn. 22, 76 N. W. 948. Defendant in that case was incorporated for the purpose of "producing and creating water, steam and other motive power" and distributing the same to the public, and, the corporation being insolvent, the action was to enforce the liability imposed by the Constitution upon its stockholders. The chief contention in that case was that the corporation was not exclusively a manufacturing concern, because, as was claimed, its articles of incorporation authorized it to buy and sell power sites and other property, not necessary in the conduct of the corporate business of creating motive power, and, therefore, that it did not come within the class of corporations intended to be excepted from the liability imposed by the Constitution. The question whether the generation of motive power, electrical or otherwise, was a manufacturing business, was not argued, and in disposing of the case the court assumed that it was, that the corporation was a manufacturing corporation and that the stockholders thereof were not liable for its debts. It cannot, therefore, be said that that question was expressly decided in that case We are asked in the case at bar to consider the question as an original one, to overrule the assumption of the Cuyler case, and declare the law to be that a corporation of this kind is not a manufacturing concern, and adopt the rule of stockholders'

liability as applied to other corporations. The Cuyler case, so far as our information extends, has been treated generally as settling the law of this state, and as establishing a rule of nonliability in such cases, and, if the question were a close one on the authorities, we would for that reason hesitate to depart from the theory of the law as there assumed. No doubt many corporations have been formed since the rendition of that decision, for the principal purpose of developing electricity for light and power purposes, and those investing in corporations so formed presumably have relied upon that decision as definitely fixing and defining their rights and liabilities as stockholders. And the same may be said of persons dealing with and extending credit to such corporations; being bound to know the law, and with that decision before them, they could not well claim to have relied, in so extending credit, upon liability created by the Constitution as to corporations in general. And to disturb the decision and declare the law otherwise than as there assumed, would result in imposing a liability the stockholders did not intend to assume, and create rights in creditors they had no right to expect or rely upon. But we do not follow the decision upon the theory of *stare decisis,* and have considered the question as though it were before the court for the first time.

There is and can be no question that this corporation was organized for the purpose of carrying on and conducting an exclusively manufacturing business, if the generation of electricity be held to be "manufacturing" within the meaning of the Constitution, and the stockholders are not liable for its debts, unless the further fact that it is a public service corporation removes it from the constitutional exemption. We make no attempt to enter into a general discussion of the question. Whether the generation of electricity comes strictly within the scope of manufacturing, as the word "manufacture" is defined and generally understood, is not entirely free from doubt. And, though it may not come within the literal definition and strict meaning of the word, the conclusion that it is for all practical purposes manufacturing, brings the case within the spirit and purpose of the law, and we so decide. The authorities are divided upon the question, with the weight of reason and opinion in harmony with the

view of the law as assumed in the Cuyler case, and which we now adopt as the law of this state. The question is fully discussed in the authorities cited which, without repeating, we follow and apply.

We are not impressed with the point, made by some of the courts, that the fact that the corporation is a public service corporation, and clothed with the power of eminent domain, changes the situation in any substantial respect in so far as concerns the stockholders' liability. In the case at bar the right to condemn property is limited to such as may be necessary to enable the corporation to establish and conduct its manufacturing business. It would seem that it is none the less a manufacturing corporation by reason of that addition to its powers. The Constitution exempts the manufacturing corporation, and the corporation organized for that purpose, which is also empowered to condemn property for its use, can be held not within this exemption only by reading an exception to that effect into the Constitution. This we have no right to do. Kentucky Electric Co. v. Buechel, 146 Ky. 660, 143 S. W. 58, 38 L.R.A.(N.S.) 907, Ann. Cas. 1913C, 714.

We therefore hold that the corporation in question was organized for the exclusive purpose of manufacturing, within the meaning of the Constitution, and that the stockholders thereof are not personally liable for its debts, notwithstanding the fact that it is also a public-service corporation and clothed with the power of eminent domain.

Order affirmed.