W. A. MARIN, as Receiver of the American Biscuit Company, of Crookston, an Insolvent Corporation, v. OLE J. AUGEDAHL.

(156 N. W. 101.)

The receiver of a defunct Minnesota corporation brings action against a North Dakota stockholder for a superadded liability under the Minnesota laws. No personal service was had upon defendant. A demurrer to the complaint was sustained.

Note.—For other cases construing the provision of the Minnesota Constitution exempting stockholders in manufacturing or mechanical corporations from superadded liability, see Cowling v. Zenith Iron Co. 65 Minn. 263, 33 L.R.A. 508, 60 Am. St. Rep. 471, 68 N. W. 48, and Anderson v. Anderson Iron Co. 65 Minn. 281, 33 L.R.A. 510, 68 N. W. 49.

Defunct foreign corporation — receiver of — suit by — against North Dakota
    stockholder — complaint — demurrer — service  of  process  in — super-
    added liability — under foreign state laws — resident stockholder — lia-
    bility.

    The complaint shows that the defunct corporation was organized for manu-
facturing purposes and the stockholders of such corporation were, therefore,
not liable for superadded liability.  For the reasons stated in the opinion the
demurrer was properly sustained.

Opinion filed January 10, 1916.

Appeal from the District Court of Cass County, *Pollock*, J.
Affirmed.

*W. J. Mayer* and *A. A. Miller,* for appellant.

The district court of Polk county, Minnesota, had jurisdiction of
the subject-matter of the action as set forth in the complaint herein,
and its determination is conclusive upon all the stockholders of the
defunct corporation, and cannot be challenged in any other tribunal,
regardless of the place of residence of the stockholders.   Straw & E.
Mfg. Co. v. L. D. Kilbourne Boot & Shoe Co. 80 Minn. 125, 83 N. W.
36; London & N. W. American Mortg. Co. v. St. Paul Park Improv.
Co. 84 Minn. 144, 86 N. W. 872; Bernheimer v. Converse, 206 U. S.
516, 51 L. ed. 1163, 27 Sup. Ct. Rep. 755.

The statute of Minnesota controlling this controversy is constitution-
al.   Straw & E. Mfg. Co. v. L. D. Kilbourne Boot & Shoe Co. and
London & N. W. American Mortg. Co. v. St. Paul Park Improv. Co.
supra.

The order of the Minnesota court fixing the assessment against each
share of stock is conclusive, and cannot be questioned in any court.
Minn. Rev. Laws 1905, § 3186; Swing v. Red River Lumber Co.
105 Minn. 336, 117 N. W. 442; Straw & E. Mfg. Co. v. L. D. Kil-
bourne Boot & Shoe Co. supra; Spargo v. Converse, 112 C. C. A. 337,
191 Fed. 823; Neff v. Lamm, 99 Minn. 115, 108 N. W. 849, and cases
cited; Ward v. Joslin, 186 U. S. 142, 46 L. ed. 1093, 22 Sup. Ct.
Rep. 807; Swing v. Humbird, 94 Minn. 1, 101 N. W. 938.

The jurisdiction of the Minnesota court gave jurisdiction over each
individual stockholder whether he was resident of Minnesota or else-
where, and notice to the corporation was notice to all the stockholders,

and they are bound by the order of that court, whether or not they received other notice. Howarth v. Lombard, 175 Mass. 570, 49 L.R.A. 301, 56 N. E. 888; Straw & E. Mfg. Co. v. L. D. Kilbourne Boot & Shoe Co. supra; Spargo v. Converse, 112 C. C. A. 337, 191 Fed. 823.

The proceeding in Minnesota was against a corporation, which represented its stockholders, and the order and judgment of that court cannot be disregarded. Minn. Rev. Laws 1905, § 3186; Straw & E. Mfg. Co. v. L. D. Kilbourne Boot & Shoe Co. supra; Bernheimer v. Converse, 206 U. S. 516, 532, 51 L. ed. 1163, 1175, 27 Sup. Ct. Rep. 755; Howarth v. Lombard, 175 Mass. 570, 49 L.R.A. 301, 56 N. E. 888; Hawkins v. Glenn, 131 U. S. 319, 33 L. ed. 184, 9 Sup. Ct. Rep. 739; Great Western Teleg. Co. v. Purdy, 162 U. S. 329, 40 L. ed. 986, 16 Sup. Ct. Rep. 810; Kennedy v. Gibson, 8 Wall. 498, 19 L. ed. 476; Sanger v. Upton, 91 U. S. 56, 23 L. ed. 220; Marson v. Deither, 49 Minn. 423, 52 N. W. 38; Parker v. Stoughton Mill, 91 Wis. 174, 51 Am. St. Rep. 881, 64 N. W. 751; Mutual F. Ins. Co. v. Phœnix Furniture Co. 108 Mich. 170, 34 L.R.A. 694, 62 Am. St. Rep. 693, 66 N. W. 1095; Warner v. Delbridge & C. Co. 110 Mich. 590, 34 L.R.A. 701, 64 Am. St. Rep. 367, 68 N. W. 283.

The same doctrine here applies as would in an action to recover on premium notes. Insolvency made the assessment necessary, and this assessment stands on the footing, as would premium notes. Hanson v. Davidson, 73 Minn. 454, 462, 76 N. W. 254; Holland v. Duluth Iron Min. & Development Co. 65 Minn. 324, 60 Am. St. Rep. 480, 68 N. W. 50; 3 Thomp. Corp. 3499; Howarth v. Lombard, 175 Mass. 570, 49 L.R.A. 301, 56 N. E. 888; Hamilton v. Glenn, 85 Va. 901, 9 S. E. 129; Glenn v. Williams, 60 Md. 93; Sheafe v. Larimer, 79 Fed. 921; Howarth v. Ellwanger, 86 Fed. 54; Howarth v. Angle, 39 App. Div. 151, 57 N. Y. Supp. 187, 162 N. Y. 179, 47 L.R.A. 725, 56 N. E. 489; Hancock Nat. Bank v. Farnum, 176 U. S. 640, 44 L. ed. 619, 20 Sup. Ct. Rep. 506.

The representation which a stockholder has by virtue of his membership in the corporation is all to which he is entitled, and it is not necessary that he be personally served with process in an action wherein the assessment is made. Howarth v. Lombard, 175 Mass. 570, 49 L.R.A. 301, 56 N. E. 888; Hawkins v. Glenn, 131 U. S. 319, 33 L. ed. 184,

9 Sup. Ct. Rep. 739; Great Western Teleg. Co. v. Purdy, 162 U. S. 329, 336, 40 L. ed. 986, 990, 16 Sup. Ct. Rep. 810.

A. W. *Fowler* and L. L. *Twichell,* for respondent.

The Minnesota court had no jurisdiction to enter the judgment set forth in the complaint.

"Neither the constitutional provision that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, or the act of Congress pursuant thereto, prevents an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered." Want of jurisdiction, either as to person or subject-matter, in proceedings *in rem* as to the thing, may be shown. Thompson v. Whitman, 18 Wall. 457, 21 L. ed. 897; Andrews v. Andrews, 188 U. S. 14, 47 L. ed. 366, 23 Sup. Ct. Rep. 237; National Exch. Bank v. Wiley, 195 U. S. 257, 49 L. ed. 184, 25 Sup. Ct. Rep. 70; Ward v. Joslin, 186 U. S. 142, 46 L. ed. 1093, 22 Sup. Ct. Rep. 807.

The liability sought to be enforced in the case at bar is a superadded liability of defendant. If the defunct Minnesota corporation was a manufacturing business within the exception of the constitutional provision, then there was no superadded liability, and defendant was not liable to assessment, and there was no subject-matter upon which the jurisdiction of the Minnesota court could operate, and its judgment was therefore void, and the question of its conclusiveness is not involved. State ex rel. Clapp v. Minnesota Thresher Mfg. Co. 40 Minn. 213, 3 L.R.A. 510, 41 N. W. 1020; Straw & E. Mfg. Co. v. L. D. Kilbourne Boot & Shoe Co. 80 Minn. 125, 83 N. W. 36.

The American Biscuit Company is a corporation organized for the purpose of carrying on a manufacturing business, within the meaning of the Minnesota Constitution, and therefore a demurrer to the complaint lies, because, admitting all property pleaded facts, no liability exists. Comp. Laws 1913, Subdivs. 63 and 64, of § 7938; Foster County Implement Co. v. Smith, 17 N. D. 178, 115 N. W. 663.

Conclusions of law are no part of a pleading, and hence are not admitted by demurrer. Van Dyke v. Doherty, 6 N. D. 263, 69 N. W. 200; Iowa & D. Teleph. Co. v. Schamber, 15 S. D. 588, 91 N. W. 78; King v. Lawson, 84 Fed. 209; Stutsman Co. v. Mansfield, 5 Dak. 78,

37 N. W. 304; Johnson v. Kindred State Bank, 12 N. D. 336, 96 N. W. 588.

In a proceeding to enforce personal liability of stockholders for corporation debts, the articles of the association are the sole criterion as to the purposes for which the corporation was formed. Senour Mfg. Co. v. Church Paint & Mfg. Co. 81 Minn. 294, 84 N. W. 109; Cuyler v. City Power Co. 74 Minn. 22, 76 N. W. 948; Nicollet Nat. Bank v. Frisk-Turner Co. 71 Minn. 413, 70 Am. St. Rep. 334, 74 N. W. 160; Hastings Malting Co. v. Iron Range Brewing Co. 65 Minn. 28, 67 N. W. 652; Vencedor Invest. Co. v. Highland Canal & Power Co. 125 Minn. 20, 145 N. W. 611.

Burke, J.  Appeal from judgment of the trial court sustaining a demurrer to plaintiff's complaint and dismissing the action with prejudice.  The amended complaint is very long, and states in substance that defendant is a stockholder of a defunct Minnesota corporation; that said corporation was in the hands of a receiver appointed by the district court of the fourteenth judicial district of the state of Minnesota; that a judgment remained unsatisfied against the said corporation, and that said district court in Minnesota had deemed it necessary to levy an assessment against the stockholders.  Those allegations are not set out in full, as we do not deem them necessary to a decision of the controversy presented.  Paragraph 6 of the complaint alleges that the said defunct corporation was organized on or about the 18th of February, 1905, "with a capital stock of $50,000, divided into 500 shares of a par value of $100 each, and that by its articles of incorporation it was empowered *to manufacture* and sell biscuits, crackers, candies, confections, cereals, and other kindred products," etc.  Paragraph 2 of the complaint reads as follows:  "That at the time of the creation and organization of the American Biscuit Company it was and still is the law of the state of Minnesota that each stockholder of any corporation organized for the purposes specified in the articles of incorporation of the said American Biscuit Company, as hereinafter set forth, is personally liable to the creditors of such corporation to the amount of the stock held or owned by him, which said law is, and at all times was, part and parcel of the corporate charter of the said corporation."  Plaintiff was the receiver of the said American Biscuit Com-

pany, insolvent. To this amended complaint a demurrer was interposed upon the grounds that said complaint does not state facts sufficient to constitute a cause of action. The Minnesota statutes upon which plaintiff relies for his recovery are §§ 3184–3187, inclusive, Revised Laws of Minnesota 1905, and § 3 of article 10 of the Minnesota Constitution, the latter reading as follows: "Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him."

There is little dispute as to the law in this case, and no dispute as to the facts. Appellant insists that the complaint shows a judgment of the district court of Minnesota to the effect that the American Biscuit Company is insolvent; that it owes debts over and above its assets; that there is a judgment unsatisfied and outstanding, and that in the judgment of the trial court an assessment upon the stockholders is necessary. These findings of said Minnesota court are claimed to be unassailable in the present action. Respondent concedes that *if the Minnesota district court had jurisdiction,* appellant is right upon his construction of the law, but insists that the complaint itself discloses affirmatively that said Minnesota court did not have jurisdiction. This is the only controversy.

(1) We have already set forth extracts from the amended complaint which show that this company was organized for the purpose *of manufacturing* biscuits, etc. Under the holdings of the supreme court of Minnesota, the stockholders of such corporations were exempt from superadded liability. Senour Mfg. Co. v. Church Paint & Mfg. Co. 81 Minn. 294, 84 N. W. 109; Cuyler v. City Power Co. 74 Minn. 22, 76 N. W. 948; Hastings Malting Co. v. Iron Range Brewing Co. 65 Minn. 28, 67 N. W. 652; Venccdor Invest. Co. v. Highland Canal & Power Co. 125 Minn. 20, 145 N. W. 611.

In the Senour Case they say: "In proceedings to enforce the individual liability of stockholders [for the debts]of a corporation, the articles of incorporation are the sole criterion as to the purposes for which the corporation was formed." In the said case their articles read: "The general nature of the business of this corporation shall be to manufacture painters' materials and supplies, and the owning, holding, and using of letters patent pertaining to the manufacture of such ar-

ticles, and the selling of such manufactured articles, and the doing of anything that is properly incident to or necessarily connected with such manufacturing business." In the Cuyler Case the articles read: "The general nature of its business shall be the acquiring and holding, either by purchase or lease, of real estate and water power, and the purchasing, hiring, building, improving, or construction of canals, locks, ponds, or watercourses . . . for the purpose of producing and creating water, steam, and other motive power," etc.

In all of these cases the corporations were held to be manufacturing and the stockholders exempt. It is thus apparent that plaintiff has pleaded facts showing conclusively that the Minnesota district court was without jurisdiction to make this assessment. Paragraph 2, which we have already quoted, to the effect that under the laws of Minnesota each stockholder of any corporation organized for the purposes specified in the articles of incorporation of the said American Biscuit Company, as hereinafter set forth, is personally liable to the creditors, is a mere conclusion of law. Plaintiff might as well have pleaded that the defendant owed plaintiff $100 and let it go at that. The facts disclose that the Minnesota court did not have jurisdiction.

The fact that the said court thought it actually had jurisdiction is not conclusive. Having no jurisdiction of the subject-matter, and not having personal service upon Augedahl, the assessment falls. The demurrer was properly sustained. Affirmed.